## ARMSTRONG ET AL. *v.* ROCKWOOD.

PLEADING.—*Performance.*—Where a pleading is based upon an agreement, either as a cause of action or as matter of defence, performance or a sufficient excuse for non-performance of the stipulations to be performed by the party so relying on the agreement must be averred.

From the Vigo Circuit Court.

*W. E. McLean* and *I. N. Pierce,* for appellants.

*M. M. Joab,* for appellee.

Howk, J. — Appellee, the payee, sued appellants, the makers of a promissory note. The note was dated July 14th, 1871, and was payable one year after date, with interest at ten per cent. per annum from date until paid. The suit was commenced in the court below on the 21st day of January, 1875.

Appellants answered in three paragraphs:

1. A general denial of the allegations of the complaint.

2. Payment in full, before the commencement of the action.

3. In abatement of the action, appellants said that the note sued on was given by them for money loaned by appellee to appellants, at the date of the note, on the terms therein stated; that, by mutual agreement of the parties, the time for the payment of the note was extended from year to year, until the 14th day of July, 1874; that in the month of July, 1874, and prior to the 14th day thereof, appellee and appellants entered into an agreement, by the terms of which appellee agreed to let appellants have the further use and loan of the amount of money evidenced by the note sued on, for the term of one year from said 14th day of July, 1874, at the same rate of interest stipulated in said note, in consideration whereof the appellants agreed to pay appellee the amount of the annual interest of said sum stated in the note, in advance, in such sums and at such times as required by appellee, and such other small sums of the principal of the note, from time to time, as appellee might require; and that, in pursuance of said agreement, appellants, from time to time, and prior to the commencement of this suit, paid to appellee, in such sums and at such times as required by her, the aggregate amount of one hundred and thirty-five dollars. And appellants prayed that the suit might abate, and for all proper relief. This paragraph was sworn to by one of the appellants.

There was a reply in denial of the second paragraph of the answer, and a demurrer to the third paragraph. This demurrer was sustained, and appellants excepted, and judg-

ment was rendered in the court below, in favor of appellee, for the amount due on the note.

In this court, the only error assigned on the record is the decision of the court below sustaining the appellee's demurrer to appellants' answer.

It is not necessary, in this case, that we should pass upon the validity of the alleged verbal agreement, which is set forth in the third paragraph of appellants' answer. Wherever a party relies upon an agreement, either as cause of action or as matter of defence, performance or a sufficient excuse for the non-performance of the stipulations of the agreement to be performed by the party must be averred, or the pleading will be held insufficient on a demurrer thereto for the want of sufficient facts. In this case, by the agreement stated in the third paragraph of the answer, the appellants agreed, among other things, to pay the interest on the note in suit, in advance, and it was not averred that appellants had paid the interest in advance, nor was any excuse whatever given for such non-payment.

We hold, therefore, that the third paragraph of the answer was bad on demurrer, and that no error was committed by the court below in the decision of this cause.

The judgment is affirmed, with five per cent. damages, and costs.