THE SINGER MANUFACTURING COMPANY, PLAINTIFF IN ERROR, v. WILLIAM A. DOGGETT, DEFENDANT IN ERROR.

1. **Principal and Agent**: CONTRACT: COMPENSATION OF AGENT. The S. M. Co. employed D. as its agent to take charge of its office and business at L. The contract of employment, which was in writing, provided that the company should place to the credit of the L. office fifteen per cent of the amount of money collected by the agent thus employed on contracts made by former agents. *Held*, That M. was entitled to the per cent on such claims collected by him.

2. **Contracts**: RULE OF CONSTRUCTION. Contracts should be construed in the light of surrounding circumstances and the condition of the parties at the time of making them.

3. **Error not presumed.** Error cannot be presumed. It must appear affirmatively in order to reverse a judgment.

4. **Pleadings**: AMENDMENT. Where the trial court permits an amendment to be made to a pleading during trial itwill be presumed to be made to be "in furtherance of justice," unless the contrary appears from the record.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*A. G. Scott*, for plaintiff in error.

*Foxworthy & Son*, for defendant in error.

REESE, J.

The defendant in error was the agent of plaintiff in

41

error, and in charge of its business at Lincoln, Nebraska. This action was brought upon a written contract of employment, a part of which only is material to an understanding of the questions involved in this case, and is as follows: "The said company agree to place to the credit of the said Lincoln office fifteen per cent of all remittances of money collected on leases taken under the former management of said Lincoln office." Upon trial to a jury, the court instructed the jury as follows: "If you find from the evidence that the plaintiff under and by virtue of the contract sued on in this action, and which has been introduced in evidence, collected money on leases taken under the former management, and mentioned in said contract, and made remittances thereof to defendant, then plaintiff was entitled to fifteen per cent on the amount of such remittances, and if you find from the evidence that the same has not been paid plaintiff, he is entitled to recover fifteen per cent on the amount of such collections and remittances with interest from the time the same was due and payable to plaintiff."

The contention on the part of plaintiff in error is, that the district court misconstrued the clause of the contract which we have quoted. That the per cent to be placed to the credit of the Lincoln office was not for the benefit of defendant in error, but for the benefit of the *Lincoln office.* It is conceded that defendant collected and remitted in 1878 $372.35, and in 1879 $77 on leases "taken under the former management of the Lincoln office." But it is contended that the Lincoln office is entitled to this fifteen per cent, and not defendant in error. That defendant in error as agent for plaintiff in error, and the "Lincoln office" are "distinct entities," and must be kept separated in considering this clause of the contract.

We cannot reconcile our mind to this conclusion, and are quite unable to adopt it. A consideration of the situation of the parties at the time of making a contract, and

the surrounding circumstances often furnish material aid in construing it. *Tootle v. Elgutter*, 14 Neb., 159. Prior to the execution of this contract other parties had had control of the business of plaintiff in error in Lincoln, and under their "management" leases had been made, the installments of which were to be collected. Some one must transact this business. It was entirely outside of the business of selling machines. Whoever attended to it must be paid for it. It could be of no possible benefit to defendant in error for plaintiff in error to credit itself or its office with any portion of those collections. It must have been the understanding of the parties that as compensation for the labor and time of defendant in error in collecting debts due to plaintiff in error by the contracts of a former agent he should have the per cent named. In giving the instruction complained of we think the district court did not err.

The next point presented is, that after the evidence had closed the court permitted defendant in error to amend his reply so as to allege a material change in a note since its execution, and upon a guaranty of which plaintiff in error had declared in its answer. We are unable to find any reference to such amendment in the bill of exceptions, and as has been often decided by this court, error cannot be presumed. But even if the action of the court was as claimed by plaintiff in error, it would not show an abuse of discretion. Such amendments are allowable "in furtherance of justice." Section 144, civil code. The amendment is claimed to have been made immediately upon the discovery of the alleged change in the note, and to conform to the testimony then introduced.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.