L. H. EVARTS, PLAINTIFF IN ERROR, V. W. B. SMUCKER, DEFENDANT IN ERROR.

1. **Petition on Modified Contract.** Where the conditions of a contract have been altered by the consent of the parties, the contract as modified should be set out in the petition, and then an allegation of performance may be made. Such modified contract should not be set up in the reply if inconsistent with the allegations of the petition.

2. **Petition:** AMENDMENT. Where evidence has been received without objection the court may after verdict permit the petition to be amended to conform to the facts proved.

ERROR to the district court of Richardson county. Tried below before GASLIN, J., sitting for BROADY, J.

*E. W. Thomas* and *C. Gillespie*, for plaintiff in error.

*Frank Martin* and *J. D. Gilman,* for defendant in error.

MAXWELL, CH. J.

This action was brought in the district court of Richardson county by the defendant in error against the plaintiff to recover the sum of $473.50, as a balance due for certain material furnished and labor performed on a house of the plaintiff in error in pursuance of the terms of a certain contract in writing, a copy of which is set out in the record. The plaintiff below alleged in his petition that he had performed all the stipulations of said contract on his part to be performed. The defendant below in his answer admitted the written contract, but alleged that the plaintiff had failed to comply with its terms and conditions, and stated specifically the particulars in which he alleged there was a failure, and claimed that he had sustained damages to the amount of $500. The plaintiff below in his reply admitted that the work was not done as required by the contract, but alleged that the defendant had caused certain changes to be made in the plans and specifications, and that the work was performed in accordance with such changes. The defendant below thereupon filed a motion to strike out of the reply all matter relating to change in the plans and specifications, for the reason that the same was a departure from the petition.

1. It is claimed by the plaintiff in error that this motion was overruled, but in this he is evidently mistaken, as the record (page 11) shows that the motion was sustained. This motion was sustained on the 10th of October, 1884. A jury was thereupon impaneled, and the trial proceeded. On the next day, and after the jury had returned their verdict, the plaintiff below filed an amended petition, in which the variations from the contract are set out, and a

compliance averred with the contract as modified. A motion was thereupon filed by the defendant below to strike this petition from the files, because it " was filed by plaintiff after the verdict of the jury was returned and accepted by the court." The motion was overruled, and this is assigned for error. The jury returned a verdict in favor of the plaintiff below for the sum of $410.50, and judgment was rendered thereon.

The principal errors relied on are the failure to strike the erroneous matter from the reply, and the filing of the amended petition after the return of the verdict. As stated above, the motion to strike the matter inconsistent with the petition out of the reply was sustained. The reply must be consistent with the petition, and if modifications have been made in the contract, and it is sought to recover upon the contract as modified, the contract as changed should be pleaded, and an allegation that the plaintiff has duly performed. *Durbin v. Fisk,* 16 O. S , 534. *Smith v. Brown,* 17 Barb., 431. *Hosley v. Black,* 28 N. Y., 438. *Oakley v. Morton,* 11 Id., 26. *Holmes v. Holmes,* 5 Seld., 525. *Garvey v. Fowler,* 4 Sand., 665. Swan's Pl. and Pr., 208. Maxwell's Pl. and Pr. (4 Ed.), 92–230. And this was the course pursued in this case in filing the amended petition.

2. That the court erred in permitting the amended petition to be filed after verdict. It will be observed that the only ground of the motion to strike the petition from the files is, that it was filed after the verdict was received. There is no claim that it includes matter not presented to the jury for determination. It was claimed on the argument that such was the case, but an examination of the evidence of the plaintiff below as to the modifications of the contract shows that every modification and change was fully proved and established by his testimony, without objection being made. This being so, the court had authority to permit an amended petition to be filed to conform to

the facts proved. *Catron v. Shepherd*, 8 Neb., 308. *Singer Mfg Co. v. Doggett*, 16 Neb., 609.

3.    Some objection is made to the exclusion of the testimony of certain alleged experts. In what the exclusion consists does not appear. These witnesses did testify and seem to have given their opinions, whether admissible or not. The principal defect complained of was the settling of a certain chimney in the middle of the building, which chimney contains about seven thousand brick. The settling is admitted, but it is claimed by the plaintiff below that this was caused by the defective foundation, and that he followed the plans and specifications in the construction of said chimney, and therefore is not responsible. In this we think he is sustained by the evidence. On the whole case it is apparent that there is no material error in the record, and that justice has been done. The judgment of the court below is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.