[No. 12036. In Bank. — September 30, 1890.]

JOSEPH B. DALEY, APPELLANT, *v.* C. C. E. RUSS ET AL., RESPONDENTS.

PLEADING — PERFORMANCE — EXCUSE FOR NON-PERFORMANCE — VARIANCE. — If the plaintiff, in a suit on a contract, pleads performance he must prove it. Proof of excuse for non-performance would not enable him to recover on such a pleading.

NONSUIT — SPECIFICATION OF GROUNDS OF MOTION. — The rule requiring that the grounds of a motion for nonsuit shall be specified does not apply where the plaintiff's case could not be cured, if attention had been called to its defects by a specification of the grounds of the motion for nonsuit.

AMENDMENT OF PLEADING — DISCRETION OF COURT — UNCONSCIONABLE DEMAND. — The allowance of amendments is in the discretion of the trial court. This discretion should not be exercised in favor of an unconscionable demand.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion.

*R. B. Mitchell,* for Appellant.

*Nagle & Nagle,* for Respondents.

HAYNE, C. — This was an action to recover four thousand dollars, as brokerage, for negotiating a loan. The plaintiff was nonsuited, and he appeals from an order denying his motion for a new trial.

We think that the plaintiff failed to prove the case set forth in his complaint. The contract, which was annexed to the complaint, was as follows: "This agreement, made this the nineteenth day of November, 1881, by and between C. C. E. Russ and F. M. Biber, parties of the first part, and John H. Daley, party of the second part, witnesseth: That whereas, said parties of the first part are in want of the sum of four thousand (4,000) dollars to make improvements, and pay out money on account of a certain property known as the 'Consolidated Jupiter Mines,' etc., in Sierra County, of which the said parties of the first part are the owners, and the said party of the second part is willing to procure them said amount on the security of said Jupiter mining property; now said parties of the first part hereby agree, that if said Daley procures them said money as aforesaid, for the term of four (4) months, they will pay him four thousand dollars as brokerage for his trouble in procuring the same; if the sum loaned is less, his brokerage shall be in the same proportion; if the money is not loaned and received by them, no brokerage is to be paid."

A material condition of the above contract is, that the money should be procured upon certain named security, viz., the property known as the " Consolidated Jupiter Mines." The complaint alleges that the money was so

procured. Its averments in this regard are that John H. Daley, "in accordance with the terms of said contract, procured the said sum," etc., and that he "performed all the conditions of said contract to be by him performed." The complainant, therefore, relied upon performance of the contract, — in other words, upon the proposition that Daley had procured the money upon the security of said Consolidated mining property, — and as this was denied, it was incumbent upon the plaintiff to prove it. But the evidence does not prove it.

The principal witness called by the plaintiff was the defendent Russ, who testified, among other things, as follows: "Question. Was there any other property besides mining property conveyed? Answer. Yes, sir. Q. What was it? A. The parties were not satisfied with that property, and we gave them some more, and the whole crop as security. Q. They were not satisfied with the Consolidated Jupiter property? A. No, sir. Q. Wouldn't take that as security? A. No, sir." And not only so, but it appears that John H. Daley was not able to negotiate the loan by himself, but had to obtain assistance, for which the defendants became responsible. The money was to be obtained from a certain Miss Peltret, and the transaction could not be closed without an additional commission of three thousand six hundred dollars to an attorney, — one Linforth. This seems to be conceded by the counsel for the appellant. For he says: "Before Miss Peltret could be brought to the point of loaning the money, however, it became necessary to enlist the services of a Mr. E. J. Linforth, an attorney at law. . . . . He was introduced to the defendants by Daley, and bargained with them for an extra commission on his own account." The evidence, therefore, did not show performance of the contract set forth in the complaint. And if the conduct of the defendants amounted to a modification of the contract, it should have been declared on as modified. This was the rule of the common law. (See *Littler* v.

*Holland,* 3 Term Rep. 590; *Philips* v. *Rose,* 8 Johns. 392;
*Freeman* v. *Adams,* 9 Johns. 115; *Baldwin* v. *Munn,* 2
Wend. 403; 20 Am. Dec. 627.)   And it prevails in Cali-
fornia (*O'Connor* v. *Dingley,* 26 Cal. 21), and in other
states which have the reformed procedure. (*Evarts* v.
*Smucker,* 19 Neb. 43; *Lanitz* v. *King,* 93 Mo. 519.)   The
rule is fundamental that the complaint must allege either
performance or a valid excuse for non-performance. One
is not the same as the other. And if the plaintiff did
not perform the contract, but relies upon the consent of
the defendants as an excuse, he must set forth the excuse
in his complaint. (*Purdue* v. *Noffsinger,* 15 Ind. 386;
*Armstrong* v. *Rockwood,* 53 Ind. 506; *Garvey* v. *Fowler,* 4
Sandf. 665; *Bogardus* v. *Insurance Co.,* 101 N. Y. 329;
*Jerome* v. *Stebbins,* 14 Cal. 457.)   The plaintiff's idea
that it was for the defendants to set up the excuse for
non-performance of the contract is without foundation.
It results that the evidence does not prove the case made
by the complaint.

It is objected, however, that the defendants did not
specify this as a ground of their motion for nonsuit.   It
is undoubtedly the settled rule that a motion for nonsuit
should specify the grounds upon which it is made, and
ordinarily a ground which is not stated cannot be con-
sidered. (*Kiler* v. *Kimball,* 10 Cal. 268; *McGarrity* v.
*Byington,* 12 Cal. 429; *Holverstot* v. *Bugby,* 13 Cal. 44;
*Baker* v. *Joseph,* 16 Cal. 180; *People* v. *Banvard,* 27 Cal.
474; *Sanchez* v. *Neary,* 41 Cal. 487; *Raimond* v. *Eldridge,*
43 Cal. 508; *Silva* v. *Holland,* 74 Cal. 530; *Loring* v.
*Stuart,* 79 Cal. 201; *Miller* v. *Luco,* 80 Cal. 261.)   But
the reason of the rule is to afford an opportunity to cor-
rect such defects as admit of correction. It is plain that
this reason does not apply where the defects do not admit
of correction.   As to such cases the rule does not apply.
Or if the phrase be preferred, where the defects cannot
be corrected, the error of not specifying the grounds of
the motion is immaterial. (Compare *Nightingale* v.

*Scannell,* 18 Cal. 323.) In the case before us the defect is, that the cause of action shown by the evidence is not the cause of action stated in the complaint. This could only be corrected by an amendment to the complaint, which could only be made by leave of the court. In passing upon an application for leave to amend, the controlling principle must be, whether the amendment is in furtherance of justice. And where, as here, the demand is unconscionable (being for part of a brokerage of seven thousand six hundred dollars for obtaining a loan of four thousand dollars for four months), we think that leave to amend should be refused. A party who seeks to enforce a liability like that must stand upon his legal rights. The court should not interpose its discretion to save such a case. The defect, therefore, could not be cured. A reversal will not be ordered for the purpose of allowing plaintiff to make an application which should, and presumably would, be refused. It is immaterial, therefore, that the motion for nonsuit did not specify the grounds upon which it was made.

We advise that the order appealed from be affirmed.

VANCLIEF, C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.

THORNTON, J., dissented.

WORKS, J. — I dissent. The ground for a nonsuit must be specifically stated, and this case presents no exception to the rule.

Rehearing denied.