## CHASSE et al. v. BANKERS' RESERVE FUND LIFE INS. CO.

In view of Civ. Code, § 1849, declaring that an acknowledgment in a policy of the receipt of premiums is conclusive evidence of its payment so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid, a policy becomes binding on its delivery to the insured,

though it contains a condition that the policy shall not take effect until the actual payment of the first premium and delivery of the policy to the insured in exchange for the company's receipt signed by a proper officer, as delivery of the policy is in effect an acknowledgment of the receipt of the first premium.

Under Civ. Code, § 1849, declaring that an acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid, the policy being a conclusive receipt as to the first year's premium, a stipulation in a policy ·that it shall become null and void in case of a nonpayment of any note given in connection with the policy can only apply to any note given for a premium subsequent to the first.

Where the defense to an action on a policy of insurance was that it was void for failure to pay a note given for the first premium, although the policy had been delivered by the insurer, and under Civ. Code, § 1849, the terms of the policy and its delivery precluded the insurer from an avoidance of the policy for nonpayment of the first premium, the failure of a motion for a directed verdict for the plaintiff to specify the grounds was not reversible error, since it was not possible for the defendant to remedy the grounds on which the motion was based.

(Opinion filed, Jan. 25, 1911.)

Appeal from Circuit Court, Lawrence County.   Hon. W. G. Rice, Judge.

Action by Joseph Chasse, as agent of the court in the estate of Mrs. Joseph (Adelaide) Chasse and others against the Bankers' Reserve Fund Life Insurance Company, a corporation. Judgment directed for the plaintiffs, and defendant appeals. Affirmed.

*Wood & Edwards* and *Byron S. Payne,* for appellant. *Kellar. & Stanley,* for respondents.

CORSON, J.   This is an appeal by the defendant from a judgment on a directed verdict in favor of the plaintiffs.   This action was instituted by the plaintiffs to recover of the defendant the sum of $2,500 upon a policy of insurance, bearing date of the 3d day of February, 1908, issued by the defendant to Julia Marie Chasse, made payable to certain beneficiaries named therein.

It is alleged in the complaint that the said Julia Marie Chasse died in the town of Spearfish, Lawrence county, on the 9th day

of December, 1908, and that 'due proofs were made of her death as provided in the policy.

The defendant in its answer, after certain admissions and denials, alleged: "That on the 3d day of February, 1908, defendant executed and delivered to Joseph Chasse, one of the beneficiaries therein named, its certain policy No. 1502 on the life of Julia Marie Chasse, on the terms and conditions limited and specified in said policy, and not otherwise. That on or about the 21st day of January, 1908, the plaintiff Joseph Chasse negotiated with this defendant for said policy, and in connection with said policy the said Joseph Chasse, plaintiff, by the name of J. A. Chasse, made, executed and delivered to this defendant his certain promissory note, to-wit, a premium note, in writing, for the sum of $57.20 at the American National Bank of Spearfish, S. D., 90 days after the date thereof, with interest at the rate of 8 per cent. per annum, from the date thereof until paid, for value received. That this defendant ever since has been and still is the owner and holder of said note. That when said note became due and payable the same was duly presented and payment thereof duly demanded, which was refused by the said plaintiff Joseph Chasse; and said note or any part thereof has not been paid. That said policy, among others, contains the following provision, to-wit: 'All premiums are payable at the home office of the company. This policy shall take effect only upon the actual payment of the first premium hereon, and delivery of this policy to the insured (during his life time and sound health), in exchange for the company's receipt for said payment signed by the president or vice president, and secretary or actuary. Failure to make payment of any subsequent premium either to the company or to a duly authorized agent in exchange for receipt signed as above, or non-payment of principal or interest or any note given in connection with this policy when due, will render this contract null and void. Whenever this policy shall become null and void for any cause, all payments made hereunder shall become forfeited to the company, except that,' etc.—a copy of which said policy is hereto attached, marked 'Exhibit A,' and made a part of this answer.

\* \* \*  That by reason of the nonpayment of said note given in connection with said policy as aforesaid, when due, said policy was rendered null and void. Wherefore defendant demands judgment that the complaint herein be dismissed on the merits thereof, and for costs."

On the trial the plaintiff introduced in evidence the policy of insurance, and also a receipt dated February 4, 1908, which reads as follows: "Cincinnati, O., Feb. 4, 1908.  No. 9459.  Received from Julia Marie Chasse as annual premium on policy No. 1502, due Feb. 3, '08, $105.23.  Frank B. Ainsworth, Secretary."  Following which are the words: "Your next premium will be due and payable on or before Feb. 3-1909."  It was thereupon stipulated by the respective counsels that Joseph Chasse, one of the plaintiffs, has been duly appointed and is now acting as administrator of the estate of Julia Marie Chasse, deceased, and has authority to collect accounts, insurance, etc., that might become due her.  Plaintiffs further introduced in evidence the following letter: "Cincinnati, O., Dec. 16th, 1908.  Rev. Joseph Chasse, Spearfish, S. Dakota—Dear Sir:  We inclose herewith blank proofs of death of Julia Marie Chasse.  You will notice we have sent you two blanks of 'Medical Proof of Loss,' the second one to be used in case there was more than one physician in attendance. Kindly have the proofs attended to.  With deep sympathy, we remain, Very truly, Charles L. Ainsworth, Vice President."  And also the following letter: "Cincinnati, O., Jan. 19th, 1909.  Rev. Joseph Chasse, Spearfish, S. Dakota—Dear Sir: The proof of death of your sister Julia Marie Chasse have been received, and submitted with a copy of the policy to our general counsel for decision as to the liability of the company when the premium and the overdue note given for the premium, are not paid.  Our counsel advises us that the facts in this case do not render the company liable.  We must therefore decline to recognize any claim in the premises.  Very truly, Frank B. Ainsworth, Secretary and General Manager"—and rested.

The defendant thereupon moved for the direction of a verdict in its favor for the reason that it appears by the undisputed evi-

dence of the plaintiffs that the premium note given for the policy sued upon remained unpaid, and that therefore the said policy is null and void and of no effect, which motion was by the court denied, and to which ruling the defendant excepted. Thereupon the defendant called as a witness Rev. Joseph A. Chasse, who testified as follows: "I am the plaintiff in this case and one of the beneficiaries under the policy." He was then asked the following question: "I will ask you to state if you gave that note (handing note to witness), in connection with this policy when the policy was given to you, in payment of the first year's premium?" This question was objected to as irrelevant and immaterial to any of the issues in the case and incompetent under the statutes of this. state, and for the further reason that it seeks to modify and vary the terms of the written contract as expressed in the policy of insurance and is in violation of the statute of the state of South Dakota as to the issuance and delivery of an insurance policy, which objection was sustained by the court, to which ruling the defendant excepted. "Q. I hand you again the note marked 'Defendant's Exhibit A,' which you have already said you signed, and will ask you to state if you did not give that note in connection with this policy sued upon?" Same objection, to which the court ruled as follows: "For the purpose of the record, over your objection I will permit him to show this note has been given by this party and has not been paid. A. Yes, sir. Q. Have you ever at any tme paid anything on this note?" Same objection and overruling of the court. "A. No, sir." Defendant offered the note in evidence, which was objected to by the plaintiffs and the objection sustained, to which ruling the defendant excepted. Further questions of a similar character were propounded to the witness to which objections were made and sustained by the court, and to which rulings the defendant excepted. And thereupon the defendant again moved the court to instruct the jury to return a verdict in favor of the defendant, which motion was denied, and .the plaintiffs moved the court to direct a verdict in favor of the plaintiffs, which motion was granted, to which rulings the defendant excepted. And under the direction of the court the jury returned a verdict in favor of the plaintiffs for $2,610.

It will be observed that, at the time of issuing the policy, the defendant issued its receipt, No. 9459, acknowledging payment of the first premium due upon the policy of $105.23, signed by the secretary of the company. It is provided in the policy that: "In consideration of the statements and agreements in the application made to this company for this policy of insurance on the life of Julia Marie Chasse, * * * which is hereby made a part of this contract; and in further consideration of the payment of the annual premium of one hundred and five and 23-100 dollars on or before the third day of February in every year for the first twenty years of this policy; does hereby promise to pay, * * * $500 to Mrs. Joseph Chasse, $1,000, to Emily M. Chasse, $1,000, Joseph Chasse, mother, sister and brother, * * * the sum of twenty-five hundred dollars, * * * within ninety days after the receipt at the Home Office, of satisfactory proofs, * * * of the death of the insured." Indorsed upon the policy is the condition set out in the answer. It will be observed from this condition that the policy shall take effect upon its delivery to the insured in "exchange for the company's receipt for said payment," and that a failure to make payment of any subsequent premium, either to the company or to a duly authorized agent, in exchange for receipt signed as above, or nonpayment of principal or interest or any note given in connection with this policy when due, will render this contract null and void.

It is contended by the respondent, in support of the rulings of the trial court in directing a verdict for the plaintiffs, that under the provisions of section 1849, Civ. Code, which provides as follows: "An acknowledgment in a policy of the receipt of premium is conclusive evidence of its payment, so far as to make the policy binding, notwithstanding any stipulation therein that it shall not be binding until the premium is actually paid"—the receipt is conclusive evidence of the payment of the premium and cannot be controverted by any evidence on the part of the defendant. It is contended, however, by the defendant, that "the undisputed evidence shows that the note given in connection with the policy was past due and unpaid at the date of the death of the insured. The

policy was therefore, by reason of the conditions therein contained, void at the date of the death of the insured, and for that reason the verdict is not supported by the evidence." And it is further contended by the appellant that section 1849 of the Civil Code does not apply to the case at bar for the reason that the acknowledgment of the receipt of the payment of the premium is not contained in the policy itself, but in a separate and independent receipt therefor. We are of the opinion, however, that, independently of the receipt, it sufficiently appears from the policy itself that the premium was duly paid and the receipt of it is acknowledged. .

It is provided, as heretofore stated: "First. All premiums are payable at the home office of the company. This policy shall take effect only upon actual payment of the first premium hereon, and delivery of this policy to the insured." It is disclosed by the evidence in this case that the policy was delivered. This stipulation in the policy, therefore, clearly shows that the receipt of the first premium was, in effect, duly acknowledged by the delivery of the policy. But, in any view, the delivery of the policy and receipt taken and read together clearly brings the case within the provisions of the section. It is clearly apparent from the provisions of section 1849, Civ. Code, that it was the intention of the Legislature that, when the policy has been delivered and the receipt of the first premium acknowledged, the defendant should be thereby estopped from questioning or controverting the payment of said premium, and that the same should be conclusive upon the insurance company. This was the view taken by this court in Peever Mercantile Co. v. State Mutual Fire Association, 23 S. D. 1, 119 N. W. 1008, which decision was affirmed on rehearing in 127 N. W. 559.

The state of California has a provision in its Code (section 2598) identical with section 1849 of our Code, and the Supreme Court of that state, in the case of Palmer v. Continental Ins. Co., 132 Cal. 68, 64 Pac. 97, takes the same view of the section taken by this court. That learned court held, as appears by the headnote, as follows: "Under Civ. Code, § 2598, declaring that an

acknowledgment in a policy of the receipt of the premium is con-
clusive evidence of its payment so far as to make the policy bind-
ing notwithstanding any stipulation therein that it was not to be
binding until the premium is actually paid, an insurance company
is liable on a policy reciting that it is issued in consideration of $12
paid, and providing that there shall be no' liability thereon while
any promissory note given for premium remains past due and un-
paid, notwithstanding the fact that a note for the $12 mentioned
in the policy is due and unpaid." In its opinion the court says:
"The policy herein acknowledges the receipt of $12, which, so far
as the payment of the premium is concerned, rendered the contract
of insurance binding until the 1st day of June, 1898, and it is im-
material whether the plaintiffs made the payment in money or by
giving their note therefor. The binding effect of the policy caused
by this acknowledgment continued until another year's premium
should fall due, unless 'in the meantime there should be some
breach of condition by the insured, other than the payment of the
first year's premium. The provision for forfeiture contained in the
stipulation in the policy is limited to the nonpayment of the prom-
issory note referred to therein as thereafter to mature, and cannot
apply to the nonpayment of the note given for the premium, whose
payment is acknowledged." It will thus be seen that that learned
court gave to the provisions of their section the same conclusive
effect as was given to the section by this court in the case above
cited.

   In the case of Farnum v. Phœnix Ins. Co., 83 Cal. 246, 255,
23 Pac. 869, 871, the commissioners in their opinion say: "The
policy in this case does not formally express receipt of premium,
but it recites a consideration of $73.50 for the contract of insur-
ance. * * * If the policy had contained a formal receipt of
premium, its unconditional delivery would have been conclusive
evidence of payment, so as to have estopped the defendant from
denying the validity of the policy notwithstanding the declaration
in it that it shall not be binding until the premium is actually paid
(Civ. Code, § 2598); * * * and upon principle the same result
should follow where the policy is delivered as a valid and com-

pleted contract upon a consideration expressed therein, the receipt of which is impliedly acknowledged, an authorized credit having been agreed upon as equivalent and substitute for cash payment." The views expressed by the commissioners seems to have been approved by the Supreme Court and the judgment reversed by that court.

It will be observed, in the case at bar: That it is provided in the policy that: "In consideration of the statements and agreements in the application made to this company for this policy of insurance on the life of Julia Marie Chasse, * * * which is hereby made a part of this contract; and in further consideration of the payment of the annual premium of one hundred and five and 23-100 dollars on or before the third day of February in every year for the first twenty years of this policy"—the company promises to pay to the parties the sum of $2,500 in case of the death of the insured. That "the payment of the annual premium of one hundred and five and 23-100 dollars on or before the third day of February in every year for the first twenty years of this policy" refers to the premiums that may accrue in future years, and this is made clear by the fact of the giving of the receipt for the first year's premium, and this is further made clear by the terms and conditions indorsed upon the policy that: "Failure to make payment of any subsequent premium either to the company, or to a duly authorized agent in exchange for receipt signed as above, or nonpayment of principal or interest or any note given in connection with this policy when due, will render this contract null and void." Reading the stipulations of the contract in the policy of insurance, and the conditions indorsed thereon, in connection with the receipt given by the company, and the fact that the policy was unconditionally delivered, constitutes, in our opinion, an acknowledgment of the receipt of the first premium within the meaning of section 1849 above quoted. The stipulations, therefore, in the policy that the same shall become null and void in case of the nonpayment of any note, must be held to apply to any note given subsequently to the first year's premium, as any other construction of the provisions in the policy would render them invalid

under the provisions of the Code above quoted. The court was clearly right, therefore, in holding that the note was incompetent and irrelevant as evidence in this case, and in excluding the same when offered in evidence.

It is contended by the respondents that as the defendant failed to notify the insured, after the note became due, that it elected to consider the policy forfeited before the death of the deceased, it is now estopped from availing itself of that provision in the condition of the policy. While there is much force in the position taken by counsel for respondents, in the view we have taken of the case it is not necessary at this time to decide that question.

It is contended, however, by the appellant that the court erred in granting plaintiffs' motion for the direction of a verdict in their favor, for the reason that the counsel in making the motion failed to specify the grounds upon which the same was made under the rule as laid down in Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747. But these cases are not applicable to the case at bar for the reason that in the present case there was only one question presented, and the grounds upon which the motion was based were such that the defect in the defendant's case could not be remedied. The general rule is qualified so that if it is otherwise made manifest upon what question of law the case is taken from the jury, and the defects upon which it was based do not admit of correction, or could not have been cured had direct attention been called thereto, a failure to specify grounds will not reverse the ruling. Daley v. Russ, 86 Cal. 114, 24 Pac. 867; Fontana v. Pacific Co., 129 Cal. 51, 61 Pac. 580; Smalley v. Railway Co., 34 Utah, 423, 98 Pac. 311  As stated in the Tanderup case, supra, the object of specifying the grounds upon which the motion is made is to enable the court to understand fully the same before passing upon the motion, and also to enable the counsel for the adverse party to supply the proof necessary to sustain his action or defense if he can do so; but, as before stated, in the case at bar, the acknowledgment of the receipt of the premium is made conclusive upon the insurer, and hence it was not possible for it to remove the grounds upon

which the motion was based.    In Daley v. Russ, supra, the Supreme Court of California, in discussing a similar question, says: "It is undoubtedly the settled rule that a motion for nonsuit should specify the grounds upon which it is made, and ordinarily a ground which is not stated cannot be considered," to which proposition a large number of cases are cited.    The court, however, proceeds: "But the reason of the rule is to afford an opportunity to correct such defects as admit of correction.    It is plain that this reason does not apply where the defects do not admit of correction. As to such cases the rule does not apply.    Or, if the phrase be preferred, where the defects cannot be corrected, the error of not specifying the grounds of the motion is immaterial."    And in Fontana v. Pacific Co., supra, the Supreme Court of California again held, as appears by the second headnote, "that the grounds stated on a motion for a nonsuit were not sufficiently specific was harmless, where the defects in the case could not have been cured if attention had been specifically called to them."    And the court in its opinion says: "At the close of plaintiffs' case, defendant made a motion for nonsuit on grounds which, in our opinion, would not ordinarily have been sufficiently specific to bring it within the well-established rule as stated in Daley v. Russ, 86 Cal. 114, 24 Pac. 867.    *    *    *"    The rule, however, does not apply if the case is one that cannot be cured, although attention be specifically called to the defects"—citing Daley v. Russ, supra.    A motion for nonsuit, in California, is the equivalent of our practice of making a motion for the direction of a verdict.

The judgment of the circuit court and order denying a new trial are affirmed.