IN RE ESTATE OF JOHN BACKES.
ETTA BRUMMETT, APPELLEE, V. JOHN W. BACKES ET AL., ADMINISTRATORS, APPELLANTS.

FILED FEBRUARY 10, 1932. No. 28025.

*Schaper & Runyan,* for appellants.

*Sullivan & Wilson, contra.*

Heard before ROSE, GOOD and DAY, JJ., and FROST and MESSMORE, District Judges.

MESSMORE, District Judge.

Appellee, claimant below, brought suit on a promissory note in the district court for Custer county. The case was

tried to the court, which found for appellee in the sum of $899, with interest at 7 per cent. and costs of action.

Appellee's petition alleges the promissory note, the subject-matter of this action, as follows:

"Arnold, Nebr., January 11, 1924.

"Upon the date of sale or transfer by me of the east one-half of the southeast quarter of section 34, town 17, range 25, after date, we promise to pay to the order of Etta Backes, eight hundred forty-two and 50/100 dollars at Arnold, Nebraska, with interest at the rate of 1/10 of 1 per cent. per annum, payable annually from date until due.

"Should any of the principal or interest not be paid when due, it shall bear interest at the rate of 7 per cent. per annum, payable annually, until paid. The makers, sureties and indorsers hereof waive demand, notice and protest and agree to any extension of time of payment.

"John Backes."

Appellants' answer is to the effect that no debt existed; that there was no consideration for the note; that the land in question, which was deeded back to John Backes, the maker of the note, had decreased in value; and the right of redemption applied to the holder of this note and that the same was not redeemed. The reply was a general denial.

The evidence discloses that appellee and her former husband, Andrew Backes, by their joint efforts had accumulated different properties and that the moneys of both of them went into the purchase of said properties; that the last property purchased by them was from John Backes, now deceased, the father of Andrew Backes, for the sum of $6,000, on which $2,000 had been paid by grantees; that there had been trouble between Andrew Backes and his wife, appellee; that they were contemplating a divorce and had agreed to divide the property; that appellee desired that the said John Backes take back this land. Several conversations in reference to the manner of taking the land back were offered for the record. The net result of the

negotiations was that John Backes gave the note hereinbefore set out. The conversations with reference to the execution of the note and pertinent to the case were properly admitted by the trial judge.

The principal assignment of error which will be discussed in this opinion, holding the other assignments of error to be without merit, is that the court interpreted the instrument sued on as representing a present and existing indebtedness at the time of its execution, rather than an indebtedness to arise only upon the performance of a condition which was never performed.

John Backes executed the note on January 11, 1924. He died intestate June 9, 1930. The note was filed as a claim against his estate. The contention of appellee is that the note was a debt at the time of its execution and that a reasonable length of time had expired and that the claim therefore is a just claim as against the estate of deceased. The question is whether John Backes should sell or transfer the land as a condition to be complied with before the note could be considered valid.

Appellants contend that the contract should be construed in the light of surrounding circumstances and the condition of the parties at the time it was made. *Singer Mfg. Co. v. Doggett,* 16 Neb. 609; *Nebraska Hardware Co. v. Humphrey Hardware Co.,* 81 Neb. 693; *Frerking v. Thomas,* 64 Neb. 193.

In *Nebraska Hardware Co. v. Humphrey Hardware Co., supra,* it was held: "In interpreting a written contract, the meaning of which is in doubt or dispute, the court, in order to determine its meaning, will consider all the facts and circumstances leading up to and attending its execution, and will consider the relations of the parties, the nature and situation of the subject-matter, and the apparent purpose of making the contract. The court will, so far as possible, put itself in the place of the parties and interpret the contract in the light of the circumstances surrounding them at the time it was made and the object which they had in view."

In *Frerking v. Thomas, supra,* it was held: "In reviewing a cause on appeal, where the findings and decree of the trial court cannot be reconciled with any reasonable construction of the testimony, the same will be set aside as unsupported by sufficient evidence."

At the time of the death of John Backes he had the land, and in addition thereto had the sum of $1,685, after deducting $315 for interest and taxes, which represented the amount he had been paid by appellee and her husband. As evidence of this indebtedness appellee had the instrument in question. This instrument is one which is conditional on its face, the condition being that "upon the date of sale or transfer by me (meaning John Backes)" of the land described in the note, "after date," then a promise to pay to the order of Etta Backes, now appellee in this case, "eight hundred forty-two and 50/100 dollars * * * with interest at the rate of 1/10 of 1 per cent. per annum, payable annually from date until due. Should any of the principal or interest not be paid when due, it shall bear interest at the rate of 7 per cent. per annum, payable annually, until paid." Then there are indorsements of interest on the instrument as follows: "Paid Jan. 12, 1926 Int. to date $1.68. Pd. 4-28-27 Int. to 1-11-27 .84." The execution of the instrument is not attacked and no dispute can arise between the parties in that behalf. The circumstances which led up to the making of the instrument constitute evidence for its consideration.

In construing an instrument of this nature it cannot be contemplated upon a condition that might run for an indefinite period of time. Equity and good conscience would demand a construction of it to run for a reasonable length of time.

In *Crooker v. Holmes,* 65 Me. 195, 20 Am. Rep. 687, a promissory note was made payable "when I sell my place where I now live." Held, that the maker was bound to sell his place within a reasonable time and, failing in that, the note was due. In this case Appleton, Judge, states: "It is claimed that the debt will never become payable,

and can never be enforced. The maker of the note promises to pay when he shall sell the place he lives on in Oxford, Maine. The debt is due *in præsenti*. Its payment is postponed to a future time, but the debt none the less exists. The debt is absolute, the time of its payment indefinite."

In *De Wolfe v. French*, 51 Me. 420, the court decided that, where a debt is due absolutely and the happening of a future event is fixed upon as a convenient time for its payment merely, and the future event does not happen as contemplated, the law implies a promise to pay within a reasonable time.

In *Hicks v. Shouse*, 17 B. Monroe (Ky.) 483, it was held that, where an obligation was to pay $500 "so soon as I sell my house and lot in the city of Lexington, and until said sale is made, I promise to pay 8 per cent. interest on said sum," said sum was due in a reasonable time, and seven years, which was the time that had elapsed before suit, was long enough for payee to wait.

In *Smithers v. Junker*, 7 L. R. A. 264 (41 Fed. 101) it was held: "A note for value received promising to pay a certain sum at the maker's convenience and upon this express condition that 'he is to be the sole judge of such convenient time of payment' may be enforced by an action after the expiration of a reasonable time on demand and refusal of payment. It does not give the maker the sole right to pay when it would suit his convenience to pay it."

In *Page v. Cook*, 41 N. E. 115 (164 Mass. 116) it was held: "Where a demand note is made payable when the payor and payee mutually agree, the payee may, if the payor refuse within a reasonable time to agree when the note shall be paid, demand payment, and, upon refusal, proceed to collect it."

In interpreting this contract, was it not the meaning that John Backes would sell this land within a reasonable time? Is not the conclusion irresistible that appellants knew appellee so understood the contract? The maker of the note, John Backes, had the land, had the money which

was paid to him by appellee and her husband, and when this instrument was made another just like it was made and handed to Andrew Backes. The instrument in question is nothing more or less than a promissory note which could be and was, in our opinion, understood by the parties. John Backes, now deceased, agreed to pay this money on the sale or transfer of the land, recognized it as a debt, agreed to pay interest on it, and did so. The note was a legal instrument. The provision in the note, "should any of the principal or interest not be paid," would then be a recognition by its maker that at some time the note would be due. The note begins, "upon the date of sale or transfer," indicating in itself an intention on the part of the maker to sell or transfer this land. The instrument is not ambiguous nor vague, and the record portrays nothing to show the right of redemption applies either to appellee or Andrew Backes, nor that this right expired at any time, nor that there was a date of maturity.

Appellee brought this action in the lower court after a period of six and a half years had expired between the date of the note and the date of the death of its maker. Such an action is not premature. In applying the decisions, we are convinced that a reasonable time for the sale of the land in payment of the debt, as existed under the circumstances of this case, would not extend beyond this period of time. Under the decisions obtainable, the character of the instrument and the transaction, it is clearly indicated to us that after a period of more than six years we can well apply the rule that a reasonable length of time within which to pay the note has been had by appellants.

We feel that justice has been done and that the decree of the district court should be, and is, hereby,

AFFIRMED.