LOUISE B. TAYLOR'S GUARDIAN *v.* CHESTER W. TAYLOR ET AL.

(93 A2d 102)

October Term, 1952.

Present: SHERBURNE, C. J., CLEARY, ADAMS and CUSHING, JJ., and CHASE, Supr. J.

Opinion Filed November 5, 1952.

Opinion on Motion for Reargument Filed December 8, 1952.

*Waldo C. Holden* for the defendants.

*Lawrence & O'Brien* for the plaintiff.

ADAMS, J.  This is an action of contract to recover on a promissory note.  Trial was by court.  Findings of fact were made and judgment entered thereon for the plaintiff.  The case is here on exceptions of the defendants.

At the hearing the plaintiff introduced the note upon which recovery was sought and the record of the Probate Court showing the appointment of the plaintiff as guardian unto Louise B. Taylor, the payee of the note.  The record of the Probate Court showed that the guardian was appointed because Louise was mentally incapable of taking care of herself and property.  The plaintiff then rested her case.

The first witness the defendants attempted to use in presenting their defense was Chester W. Taylor, one of the defendants. The plaintiff objected to the witness testifying on the ground that he was incompetent as he was a party to the contract or note, being one of the signers thereof and that Louise B. Taylor, the other party, was insane. Her objection was based upon the provisions of V. S. 47, § 1736. During the discussion that followed, the court indicated that, before it could rule on the question of competency, it desired some evidence of the present mental condition of Louise. The plaintiff then called as a witness the doctor who was attending her. He testified about her mental condition and that she was, at the time he last saw her a few days previous, non-compos and insane. The court sustained the objection of the plaintiff and refused to allow Chester to testify and allowed the defendants an exception.

The defendants claim the objection should have been overruled. They say in effect that the only evidence before the court as to the mental condition of Louise when the objection was made was the guardianship letters; that these were dated December 15th, 1948, and showed her then mental condition as "mentally incapable of taking care of herself and property" and that the court in sustaining the objection excluded meritorious defenses that existed at the time the note in issue was given on September 30th, 1946. The objection and ruling thereon did not go to the merit of any defenses that the defendants might have but solely to the method of their proof, that is, to the competency of the witness who was supposedly going to testify about them. The defendants did not offer or claim that the witness was one who came within any of the exceptions in the statute. The status as to insanity and thus the existence of the disqualification is to be determined as of the time the testimony sought to be excluded is offered. The court recognized this when it indicated that before it could rule on the question of competency it desired some evidence of the then mental condition of Louise.

The defendants objected to the doctor testifying on the ground that the plaintiff had rested her case and were allowed an exception. After the doctor had testified the defendants moved to strike out his testimony on the ground that the objection by the plaintiff to allowing Chester to testify was based upon what was already in the case by reason of the adjudication of the Probate Court as to the mental condition of Louise and any testimony from the doctor about what

had transpired subsequently was not admissible and that the evidence was closed as to the plaintiff before the doctor was allowed to testify. The motion was denied and an exception allowed the defendants.

The defendants say in their brief that the admission of the testimony was an abuse of judicial discretion and highly prejudicial in that the defendants were not permitted to establish their defenses; that new evidence was presented for which the defendants had no adequate opportunity to prepare; that the defendants had no reason to anticipate the evidence and such admission of prejudicial evidence constituted reversible error.

The record shows that the court received the testimony of the doctor only on the preliminary question raised by the objection that Chester was incompetent to testify because of the insanity of Louise. It was received only for the purpose of enabling the court to rule upon the question raised by the objection. The competency of a witness is a preliminary question for the court to decide before receiving the testimony. *Houghton* v. *Grimes,* 103 Vt 54, 62, 151 A 642; *Davis, Admr.* v. *Raymond,* 103 Vt 195, 198, 152 A 806. The testimony of the doctor was properly received upon this question.

The record shows that before the court made its ruling upon the competency of Chester as a witness, the defendants asked for a reasonable opportunity to obtain some evidence to meet the testimony of the doctor. The court suspended its ruling. The defendants then proceeded with their defense by calling other witnesses who testified. After these had testified, the defendants then informed the court that they were not aware whether or not it had ruled on the objection as to the competency of Chester as a witness. The court then ruled that he was disqualified under V. S. 47, § 1736 and allowed the defendants an exception. When the defendants thus called the attention of the court to the question of the ruling they did not, before the court made its ruling, ask for any further opportunity to obtain evidence to meet the testimony of the doctor. From their conduct, the court could well have assumed that they were ready for the ruling and either could not or did not desire to produce any such evidence. No abuse of discretion is shown. *Shields* v. *Vermont Mutual Fire Insurance Co.,* 102 Vt 224, 252, 147 A 352. The court properly ruled on the evidence before it that

Chester was disqualified to testify. There is no error in not permitting the defendants to establish their defenses by the testimony of an incompetent and disqualified witness.

The defendants excepted to the finding that Louise B. Taylor was non-compos and insane. The ground of the exception, in effect, as stated in their brief, is that the evidence upon which the finding is based was improperly admitted. What we have already said disposes of this exception adversely to the defendants.

■ They also excepted to finding No. 24. All that is said in their brief about it is that the finding should be stricken. This is improper briefing and merits no consideration. However, the finding is immaterial to any issue in the case and an exception to an immaterial finding is not for consideration. *Turner* v. *Bragg,* 113 Vt 393, 398, 35 A2d 356.

■ The exception of the defendants to the judgment raises the question whether it is supported by the findings. *Hewey* v. *Richards,* 116 Vt 547, 548, 80 A2d 541. The findings which set forth the note in full, show that it is dated September 30, 1946, and signed by the defendants; that it is an absolute promise to pay Louise B. Taylor $3800. without interest and that it is payable "within thirty days from the date of any conveyance made by us or either of us, our heirs or assigns, of the garage premises on North Main Street, formerly operated by Walter B. Taylor, deceased, * * * *."

Finding No. 9 says that the premises described in the note have not yet been sold. Finding No. 25 reads as follows, "That at the time of the beginning of the suit in question the defendants had had a reasonable time in which to sell said garage property." There is no exception to this finding.

■■ When a debt is an absolute one and the payment is postponed until the happening of a contingency which is wholly or partially within the control of the promisor, the law requires the event to be brought about by him or the performance or payment to be made within a reasonable time. The law implies a promise to pay within a reasonable time. *Kaeser* v. *Town of Starksboro,* 116 Vt 251, 255, 73 A2d 881. This principle has been applied in cases where the promise is to pay money when the promisor shall have sold real estate belonging to himself. *Duncan Box & Lumber Co.* v. *Sargent,* 126 W Va 1, 27 SE2d 68, 148 ALR 1072, and cases cited. See Anno. page 1084.

In *Capron* v. *Capron,* 44 Vt 410, the note was payable "one year from date, with interest annually, and if there is not enough realized by good management in one year to have more time to pay in the manufacture of the plaster bed on Stearns' land." This Court in considering when the note was payable, speaking through Pierpoint, Ch. J. said, "The only uncertainty there is about it is the length of time that the maker shall have to pay in after the expiration of the year, in case he does not realize enough from the plaster bed to enable him to pay within the year. And this uncertainty the law makes certain, by giving him a reasonable time thereafter to make the payment. And what is a reasonable time is to be determined by the triers from the proof, like any other fact; * * *." In *Smead* v. *Lampher,* 87 Vt 1, 86 A 1005, 1006, the defendant purchased certain real estate from the plaintiff, made a down payment and agreed to pay the balance as soon as he could dispose of his property on Long Island. This Court said, "* * * the law implied that the defendant should dispose of it within a reasonable time, and if he failed so to do the orator was entitled to the balance due him, notwithstanding this property was not sold."

It has been held that a note is payable within a reasonable time when it is payable as soon as the maker's residence should be sold, *Crooker* v. *Holmes,* 65 Me 195; when the maker shall have sold a specific tract of land, *In Re Backes' Estate,* 122 Neb. 531, 240 NW 596; when the maker shall have sold a portion of the land which he purchased and for which the note was given, *Hughes* v. *McEwen,* 112 Miss 35, 72 So 848, LRA 1917B, 1048. The defendants rely upon the case of *Henry* v. *Colman,* 5 Vt 402. It is sufficient to say that it is not in point.

Applying the foregoing law here, it is apparent that a judgment for the plaintiff is supported by finding No. 25. The judgment was for $3800., the amount of the note, plus interest from July 19, 1951, which is the date on which suit was brought. Interest begins to run on a note, where it does not contain a provision for interest, when the maker is in default. A reasonable time for payment having elapsed before suit was brought, the defendants were in default from that time, for the bringing of suit was a judicial demand. *Grapes* v. *Rocque,* 96 Vt 286, 290, 119 A 420. Interest was properly allowed here from the date suit was brought.

We have considered all questions raised by the exceptions of the defendants. No error appears. *Judgment affirmed.*

## On Motion for Reargument

ADAMS, J. The defendants' motion for reargument is based upon the ground that the Court over-looked or mis-apprehended the defendants' position presented in their brief as follows: "In the present case there was no debt which was an absolute liability at the time the note was given." We gave full and careful consideration to the defendants' brief including the foregoing statement and all that was said in support of it. The statement is not in point in the instant case.

The findings show that the plaintiff had a claim against the estate of Walter B. Taylor in an alleged amount of $20,000. The defendants, who were beneficiaries of that estate compromised this claim for $3,800. and gave their note for that amount, which is the note upon which suit was brought in the instant case.

This note was an obligation of its makers separate and distinct from the obligation to the plaintiff of Walter B. Taylor and his estate. It was founded upon a valuable consideration and was given and accepted in place of the alleged obligation of the deceased person on the claim against his estate. It is an absolute liability of its makers with time of payment postponed as stated in the opinion. We see no reason for changing the result already announced. The cases cited in the opinion are full authority for that result.

*Motion for reargument denied. Let full entry go down.*