[Sac. No. 1072. Department Two.—September 7, 1904.]

## ADAM WARNER, Appellant, v. KATIE WARNER, Respondent.

ACTION FOR CANCELLATION—DECLARATION OF HOMESTEAD BY WIFE—SEPARATE PROPERTY OF HUSBAND—ANTENUPTIAL AGREEMENT.—The husband cannot maintain an action to cancel a declaration of homestead properly filed by the wife on the separate property of the husband, upon which they were making their home, by reason of an antenuptial agreement in which she relinquished and disclaimed any and all right, claim, or interest in and to the property of the husband, "either as heir or otherwise." The declaration of homestead did not violate such agreement or infringe any right acquired by him thereunder, but merely secured her a home, which it was the duty of the husband to provide, and in which all her rights would cease upon his death, and the property would vest in his heirs, discharged of all claim or interest on her part by virtue of such declaration.

ID.—PROBATE HOMESTEAD.—The right given to the superior court to set apart a homestead out of the separate property of the husband for a limited period is not controlled or in any way affected by the wife's previous declaration of homestead.

ID.—RIGHTS OF WIFE AS TO HOMESTEAD—POLICY OF LAW—CONSTRUCTION OF AGREEMENT.—The provisions of the Civil Code by which the wife is authorized to select a home for herself and family out of the separate property of the husband that shall be exempt from the effect of his misfortune or improvidence, as well as from the demands of his creditors, are enacted in pursuance of a public policy declared in the constitution; and to the extent that they are enacted in the interest of the wife the policy and purposes of their enactment are to be considered in the construction of any agreement by her in reference thereto. She is not to be held to have surrendered the rights conferred thereby, except by clear and explicit language.

ID.—MOTION FOR NONSUIT—SPECIFICATION OF GROUNDS—INAPPLICABILITY OF RULE.—The general rule that only the grounds specified upon a motion for a nonsuit are to be considered upon appeal has no application where a defect urged upon appeal for the first time is inherent in the cause of action, and cannot be cured. In such case the reason of the rule ceases to·exist.

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The judgment was one of nonsuit on the specified grounds that none of the material allegations of the complaint have been proven, that it is not shown that plaintiff performed the conditions on his part to be performed, or that he cared for, kept, maintained, supported, or properly at all educated the child of defendant, as agreed.

Further facts are stated in the opinion.

Hinkson & Elliott, for Appellant.

Grounds not specified in a motion for a nonsuit cannot be considered upon appeal. (*Miller* v. *Luco*, 80 Cal. 261; *Palmer & Rey* v. *Marysville etc. Pub. Co.*, 90 Cal. 168; *Bronzan* v. *Drobaz*, 93 Cal. 650.) The provision for caring for and educating the child was an independent covenant, and not a condition precedent to the defendant's observance of her covenants. (*Knight* v. *New England Worsted Co.*, 2 Cush. 285; *Boone* v. *Eyre*, 1 H. Black. 273; 2 Parsons on Contracts, *p. 527; *Mill-Dam Foundry* v. *Hovey*, 21 Pick. 417; *Tileston* v. *Newell*, 13 Mass. 406; *Bennett* v. *Pixley*, 7 John. 249; *Tompkins* v. *Elliot*, 5 Wend. 496; *Deacon* v. *Blodget*, 111 Cal. 416; *Front-Street etc. Co.* v. *Butler*, 50 Cal. 574.) The performance of the covenant was waived by the defendant, as shown by the testimony. Antenuptial contracts are especially favored in law, and should be liberally construed to carry out the intention of the parties. (Civ. Code, secs. 177, 178, 179; 19 Am. & Eng. Ency. of Law, 2d ed., 1225; *Forwood* v. *Forwood*, 86 Ky. 118; *Hafer* v. *Hafer*, 36 Kan. 524; *Snyder* v. *Webb*, 3 Cal. 83; *Barnes* v. *Barnes*, 110 Cal. 419; *Appeal of Staub*, 66 Conn. 127.) The right to select a homestead is a privilege which may be waived or renounced. (*Stanton* v. *French*, 83 Cal. 194; *Barton* v. *Brown*, 68 Cal. 10; *Keybers* v. *McComber*, 67 Cal. 400; *Wickersham* v. *Comerford*, 96 Cal. 439; *Estate of Winslow*, 121 Cal. 95; *In re Garcelon*, 104 Cal. 585;[1] *Rector* v. *Rottan*, 3 Neb. 163; *In re Cross*, 2 Dill. 320; *Moss* v. *Jenkins*, 146 Ind. 592.) The antenuptial contract and its violation by the defendant were proved, and the nonsuit was improperly granted.

[1] 43 Am. St. Rep. 134.

Hiram W. Johnson, for Respondent.

The antenuptial contract did not bar the right of homestead. (*McGee* v. *McGee,* 71 Ill. 548; *McMahill* v. *McMahill,* 105 Ill. 596;[1] *Achilles* v. *Achilles,* 137 Ill. 589; *Mahaffy* v. *Mahaffy,* 63 Iowa, 55; *Mann* v. *Mann,* 53 Vt. 48.) The homestead gave no new title to the wife. (*Snodgrass* v. *Parks,* 79 Cal. 55.) The failure of the husband to comply with his covenants in the antenuptial contract absolves the wife. (*Mann* v. *Mann,* 53 Vt. 48.) It is the policy of the law to protect the rights of homestead in the wife. (*Estate of Moore,* 57 Cal. 437; *Phelan* v. *Smith,* 100 Cal. 158; *In re Vance's Estate,* 100 Cal. 425.)

HARRISON, C.—Plaintiff and defendant entered into an antenuptial agreement May 17, 1889, wherein, in consideration of the marriage then contemplated between them, the plaintiff agreed to pay to the defendant certain moneys during her lifetime, and to care for, maintain, and educate a child of the defendant, and wherein the defendant, in addition to agreeing to be a dutiful and faithful wife, "does hereby relinquish and disclaim any and all right, claim, and interest in and to the property of said first party [the plaintiff] either as heir or otherwise." Within a few days thereafter they were married to each other, and are still living together as husband and wife. At the time of their marriage the plaintiff was the owner of certain land, upon which he resided, which was his separate property, and where since their marriage they have continued to reside. July 24, 1899, the defendant, without the knowledge or consent of the plaintiff, executed and caused to be recorded in the office of the county recorder a declaration of homestead upon the said land. The plaintiff has brought the present action to have it declared that the said declaration of homestead is a cloud upon his title, and that the same be canceled of record. At the trial the only evidence offered on behalf of the plaintiff was his own testimony, and at the close thereof the court, upon the motion of the defendant, granted a nonsuit. From the judgment entered thereon he has appealed.

The provisions of the Civil Code by which the wife is authorized to select a home for herself and the family out

[1] 44 Am. Rep. 819.

of the separate property of the husband, that shall be exempt from the effect of misfortune or improvidence on his part, as well as from the importunity or rapacity of his creditors, have been enacted in pursuance of a public policy declared in the constitution, and, being remedial in their nature, are to receive a liberal construction. (*Keyes* v. *Cyrus,* 100 Cal. 322.[1]) To the extent that these provisions are enacted in the interest of the wife, the policy in pursuance of which they are enacted, as well as the purposes of their enactment, is to be considered in the construction of any agreement by her in reference thereto. She is not to be held to have surrendered the rights conferred by these provisions, except by clear and explicit language.

The relinquishment and disclaimer by the defendant of all right and interest in and to the property of the plaintiff, "either as heir or otherwise," was an agreement on her part not to seek to deprive him of any of his property, or to assert any claim thereto adverse to him during his lifetime, or any claim of inheritance therein after his death. Her declaration of homestead was not a violation of this obligation thus assumed by her, or an infringement of any right acquired by him by virtue of the agreement. In the same instrument he agreed "to take care of, and to care for, keep, maintain, and support" her; and by the contract of marriage into which they subsequently entered, there was imposed upon him an obligation to provide her with a home; and upon their marriage he took her to the property described in the complaint, wherein they have ever since lived, and thereby made it their home. The defendant did not by her aforesaid agreement relinquish her right to a home or preclude herself from taking the precaution to make the home secure to her during their married life. The only effect of declaring a homestead thereon was to exempt it from execution or forced sale in satisfaction of judgments against him, and to restrain him from alienating the property without her consent. As the property was his separate property, by her declaration of homestead she. acquired no estate or proprietary interest therein which she could assert adversely to him, but merely secured the right to a home therein during the common lifetime of herself and her husband. She has no right of survivor-

[1] 38 Am. St. Rep. 296.

ship in the property, but on his death it will vest in his heirs discharged of all claim or interest on her part by virtue of such declaration. (Code Civ. Proc., sec. 1474.) The right given to the superior court by this section to set apart a homestead "to the family of the decedent" for a limited period is not controlled or in any way affected by the wife's previous selection of a homestead. (*Weinreich v. Hensley*, 121 Cal. 653.)

The respondent is not precluded from urging this point in support of the action of the superior court because it was not specified as one of the grounds of her motion for a nonsuit. The reason for the rule that only such grounds can be considered upon an appeal is, that if other grounds were specified, the plaintiff might overcome the objection by additional evidence, but if the defect is inherent in his cause of action, and cannot be cured, the reason for the rule ceases to exist, and the rule itself has no application. (*Daley v. Russ*, 86 Cal. 114; *Fontana v. Pacific Can Co.*, 129 Cal. 51.)

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.