[Civ. No. 2647.   Second Appellate District, Division One.—June 24, 1919.]

## JESSIE RAY WILLIAMSON, Respondent, v. ANDREW WILLIAMSON, Appellant.

[1] HUSBAND AND WIFE—DEEDS—ATTACK ON GROUND OF FRAUD—BURDEN OF PROOF.—Where a deed from husband to wife is attacked by the former on the ground of fraud in its procurement, the burden is upon the wife to show not only the execution of the grant, but also to produce evidence showing a sufficient consideration and that it was not obtained by undue influence.

[2] ID.—VOLUNTARY CONVEYANCE TO WIFE—CONSIDERATION—VALIDITY. Where the husband, uninfluenced other than by a situation due to his own wrongful acts, and prompted by a desire to secure a dismissal of an action wherein his wife has been declared entitled to a divorce and have her return to him, and being fully cognizant of the effect thereof, conveys property to her as her sole and separate estate, the transfer, whether deemed a gift or for a good consideration, is valid, and the transaction unaccompanied by undue influence exerted by the grantee.

[3] ID.—ACTION TO QUIET TITLE—INSUFFICIENCY OF EVIDENCE—NON-SUIT—STATEMENT OF GROUNDS.—Where, in an action by the wife to quiet her title to the property covered by such deed, the husband upon a motion for a nonsuit, relies upon the insufficiency of the evidence to make out a *prima facie* case, he must indicate wherein the evidence is insufficient that the wife and the court may understand the ground thereof and the former be given an opportunity to introduce evidence to meet the same, subject to the ruling of the court upon an application so to do.

[4] JUDGMENTS—EVIDENCE.—A judgment which has not become final is properly excluded as incompetent evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould for Appellant.

Charles M. Ackerman for Respondent.

SHAW, J.—Defendant appeals from a judgment quieting plaintiff's title to certain real estate described in the com-

41 Cal. App.—46

plaint, and from an order of court denying his motion for a new trial.

The errors complained of are: First, insufficiency of evidence to support the findings. Second, that the court erred in denying defendant's motion for a nonsuit made at the close of plaintiff's evidence. Third, that the court erred in sustaining plaintiff's objection to the introduction in evidence of a judgment rendered by the superior court of Los Angeles County in an action wherein each of the parties sought a decree of divorce against the other, in which action neither party obtained relief.

The conclusions of the court as to the facts are embodied in fourteen findings, each and every one of which is attacked by appellant as being without support. The substance of the material findings made in response to the issues is that the parties, who were husband and wife, were living separate and apart from each other; that in an action brought by plaintiff against her husband for divorce an order of court was made on June 12th granting her an interlocutory decree therein; that before the signing and entry of the decree defendant sought a reconciliation with plaintiff, who, in response to his overtures, had an interview with him wherein he expressed great remorse for his conduct and sought her forgiveness, promising that if she would return to him he would treat her with kindness and consideration, and as an atonement for his past misdeeds and as a guaranty of his future good conduct, he would give her the property in question; that the result of defendant's solicitations was a reconciliation between the parties. Upon stipulation the action was dismissed without the entry of the interlocutory decree, and defendant voluntarily and in accordance with his suggestion, without any representations made or acts committed by plaintiff calculated to deceive, or with the intention on the part of plaintiff to deceive, executed and delivered to plaintiff a grant deed to the property; that plaintiff returned to defendant's home, where she conducted herself as a good and faithful wife until some eight months afterward, when, in February, 1914, by reason of his harsh and cruel treatment of her, and she fearing for her safety and to protect herself from the cruel and inhuman treatment to which she was subjected by her husband, again left him and went home to

her parents; that said property was conveyed to plaintiff by defendant as a gift and as her own separate estate and free from any claim or interest therein of her said husband, and that it was not the intent of the parties that said property so conveyed to plaintiff by defendant should be held by her other than as her sole and separate estate; that when plaintiff returned to her husband she did so with the full intent of granting defendant condonation of his past acts, and stated to defendant that all she desired was his love and tenderness to herself and child, rather than any property that he might bestow upon her.

The allegation as to fraud made by defendant is that plaintiff sought the reconciliation with her husband and promised, in consideration of the execution of the deed, that she would resume marital relations with him and faithfully keep her marriage vows and perform her duties as a wife and never again desert him without his knowledge and consent, and that defendant, believing she was acting in good faith and relying upon her promises and representations so made to him, conveyed the property to her; that the promises so made were false and untrue and so known to the plaintiff to be false and untrue and made to mislead, deceive, and defraud him and without any intention of performing the same; as to all of which the court properly found adversely to defendant.

[1] At the time when defendant made the deed conveying the property to plaintiff the parties were husband and wife; hence, as declared in section 158 of the Civil Code, the transaction was subject to the general rules applicable to dealings in property between a trustee and his beneficiary. Among these rules are the following: All transactions entered into between a trustee and *cestui que trust* by which the former secures any benefit are presumed to be without sufficient consideration and under undue influence. (Civ. Code, sec. 2235.) A trustee may not use the influence which his position gives him to obtain any advantage of the beneficiaries. (Civ. Code, sec. 2231.) And if he does, it constitutes fraud for which a court of equity will grant relief. (Civ. Code, sec. 2224; *Brison* v. *Brison*, 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]; *Jackson* v. *Jackson*, 94 Cal. 446, [29 Pac. 957].) By virtue of these provisions of the law the position of plaintiff at the time the conveyance

was made to her must be deemed that of a trustee for her husband, and since she as a result of the transaction obtained title to the property from one whose relation to her was that of *cestui que trust,* the transfer is presumed not only to have been made without sufficient consideration, but as a result of undue influence. It, therefore, devolved upon plaintiff not only to show the execution of the grant, but also to produce evidence showing a sufficient consideration and that it was not obtained by undue influence. As to these controverted issues, plaintiff's testimony, as to which in part there is corroboration, clearly tended to prove that after the interlocutory decree of divorce was ordered, defendant, on January 14th, anxiously sought her, begging that she return to him and resume relations with him as his wife, stating that they could have the decree of divorce annulled; in response to which she said: "No, you have hit me and kicked me and abused me; and I am afraid of you. You'd do it all again; it would be the same thing." He insisted that she give him another chance, saying: "I want to give you the property; it is for you, anyway, and the baby, and I don't want it. All I have got is for you and the baby, anyway, and I'll give it to you. Won't you come back?" to which she replied: "No, I won't come back; I am afraid to trust you." He returned the following day, but not seeing the plaintiff, he came back the next day and again interceded with her to return to him; and upon plaintiff repeating her refusal to return to him, he left, but shortly again returned and repeated his promises to never abuse her again, nor curse nor strike nor kick her, and said: "Come on uptown and I'll give you a deed to the property," to which plaintiff replied: "I don't want the property; I want to be happy. I can't be happy with you; you have caused me so much misery." Thereupon, he induced plaintiff to join in a visit to a mutual friend, a Mrs. Pahl, for advice, but before reaching the house of this friend plaintiff refused to go further; whereupon defendant got down on his knees in the street and begged her to accompany him, to which entreaties she finally yielded. Mrs. Pahl assured her that if she would return, defendant would treat her right, and said to defendant: "One of the things that little girl has been afraid of, you always told her you were going to sell the property and take the baby and leave

her stranded. Now, Mr. Williamson, to make the little girl secure and give her a home, why don't you deed her part of that property? . . . so that if you get on one of your tantrums and go off, she will have a shelter.'' Defendant replied: ''Well, I'll do better than that; I'll give it all *to* her. I want to give it all to her.'' ' Plaintiff replied: ''I don't want the property, Mrs. Pahl; I want happiness. I haven't been happy with him, and if I can live by myself with the baby and be happy, I would rather do it than go back and subject myself to any more trouble.'' Upon leaving, defendant said to Mrs. Pahl that he was going to give plaintiff a deed to the property, which deed he had drawn and executed, and gave it to plaintiff, saying: ''Here, wife, here's a gift. I want this as a proof of my sincerity, and that it is a pledge of my good future conduct to you; and I will always be kind and loving and true to you in the future.'' Plaintiff says she believed that he was sincere in what he said, and told him that she would forgive him, and a reconciliation took place. On the 17th of June, upon stipulation of the parties, the divorce action was dismissed and plaintiff returned to the home of her husband, resuming marital relations with him, which continued until the following February, when, as shown by her testimony, she was, on account of his mistreatment and abuse, compelled to leave him. It was the province of the trial court to weigh and determine the value of the conflicting evidence. [2] The testimony of plaintiff, the truth of which the court believed as against that of defendant, clearly tends to prove that he, uninfluenced other than by a situation due to his own wrongful acts, and prompted by a desire to secure a dismissal of the action wherein his wife was declared entitled to a divorce and have her return to him, and being fully cognizant of the effect thereof, conveyed the property to her as her sole and separate estate. Whether deemed a gift or for a good consideration, the transfer is valid and the transaction unaccompanied by undue influence exerted by the grantee.

[3] As to the second contention, appellant makes no argument in support thereof other than claiming that the transaction must be considered from the standpoint that the parties occupied confidential relations toward each other, from which, basing his argument upon the entire

testimony adduced, he insists the wife was to take and hold the property as community property for the benefit of both. No reasons are pointed out showing that the court committed error in the ruling. Moreover, it is the settled rule that a motion for nonsuit should specify the grounds upon which it is made (*Daley* v. *Russ,* 86 Cal. 114, [24 Pac. 867]) ; the reason therefor being that upon the defect being pointed out plaintiff might overcome the objection by additional evidence permitted by the court. (*Warner* v. *Warner,* 144 Cal. 615, [78 Pac. 24].) The motion was made "on the ground that they [the plaintiff] have failed to make out a *prima facie* case; and on the further ground that they have failed to make out such a case, if the case were tried before a jury, as would warrant them in returning a verdict for the plaintiff." There is nothing in this to indicate wherein the evidence was insufficient to make out a *prima facie* case, or wherein the grant deed from defendant to plaintiff, offered in evidence, and her testimony in connection therewith, failed to show that she was entitled to the relief sought. If defendant's theory was that, it having been admitted that the parties were husband and wife, by reason of which fact, under section 158 of the Civil Code, there existed a confidential relation on account of which it devolved upon plaintiff, in addition to proving the execution and delivery of the deed, to also show that the act of the husband was not influenced by fraud or undue influence, then he should have so stated in his motion, in order that his opponent and the court might understand the ground thereof and thus, by specifically pointing out his objection, give his opponent an opportunity to introduce evidence to meet the same, subject to the ruling of the court upon an application so to do. (*Warner* v. *Warner, supra.*)

The third alleged error is predicated upon the ruling of the court in not permitting the introduction of the judgment, unaccompanied by the judgment-roll, in a second action brought by plaintiff against defendant for a divorce and wherein he also asked for a divorce and an adjudication of property rights. As to the subject matter of the instant case, the judgment contained a finding "that by reason of lack of jurisdiction in the premises, the court expressly withholds any order, judgment, or decree affecting the property mentioned in said defendant's

cross-complaint, and leaves said parties to their appropriate action at law or otherwise for the settlement of any. dispute between them as to said property.'' Hence, it appears that, in so far as the issues in this case are concerned, the judgment was immaterial. [4] Moreover, it appears from the record that the time within which an appeal could have been taken from the judgment had not expired. As it had not become final, it was properly excluded as incompetent evidence.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 21, 1919.

All the Justices concurred.