[Civ. No. 7056. First Appellate District, Division Two.—October 16, 1929.]

EASTERN HOTEL COMPANY (a Corporation), Appellant, v. MILLER BROTHERS 101 RANCH WILD WEST SHOW et al., Respondents.

Robert P. Troy for Appellant.

R. F. Mogan, Leo A. Murasky and E. R. Hoerchner for Respondents.

KOFORD, P. J.—This is an appeal by plaintiff from a judgment of nonsuit. The complaint alleged that defendants took possession of certain vacant store buildings on Third Street of which plaintiff was lessee, and posted upon and inside of said stores and buildings circus bills, posters and advertisements. It alleged that such possession and use was fraudulent and forcible; that it injured and disfigured the building; that it turned away prospective subtenants; and "that the reasonable value of the premises for said use and occupation thereof is $3,000." The prayer of the complaint was for $3,000. A writ of attachment was issued and levied in the case. The complaint is so worded that, despite the wide range and variety of its statements, it cannot be said to be anything else than an action for the reasonable value of the use and occupation of the buildings for the purposes of publicity.

At the conclusion of plaintiff's testimony, the court granted defendants' motion for a nonsuit upon the grounds, first, that there was no evidence that the defendants in person or by agent entered into or posted any signs upon or in the said buildings, and, second, that there was no evidence of the reasonable value of such use and possession.

The evidence introduced by plaintiff showed that circus bills and signs advertising the "101 ranch" show or circus were displayed upon the inside of the said buildings without permission, but there was no evidence to show that the defendant corporations put the signs there. Plaintiff offered evidence of a conversation of its counsel with H. W. Seymour, and also offered a letter written by said Seymour containing declarations by said Seymour that he was the manager of the defendant Wild West Show and declara-

tions that said defendant had caused the said bills and signs to be posted on the said buildings. Objection was made to this evidence as hearsay and upon the ground that there had been no preliminary proof that said Seymour was the manager or an agent of the said defendants. This objection to the evidence was sustained. The ruling was correct. The agency could not be proven by the extrajudicial statement of the agent. (1 Cal. Jur. 698.) There was no competent evidence, therefore, tending to prove that the said signs and bills had been posted by the defendant corporations. The motion for nonsuit was properly granted on that ground as to those defendants.

■ It is contended by appellant that the testimony so stricken out as hearsay contained an admission of Seymour that he had caused the signs to be put up in plaintiff's buildings. This testimony would not be hearsay as to Seymour individually because of the fact that Seymour was individually a defendant in the case. This point evidently did not occur to counsel for either party or to the court at the time of the trial. In fact, defendant Seymour had not then been formally made a party defendant in name in place of a fictitious defendant. This was done at the end of the case. All seemed to regard the case as proceeding against the corporation defendants only, and this point is raised on appeal for the first time.

■ But if this ground of nonsuit was not well taken with respect to the defendant Seymour, the other ground of the motion is good as to him as well as the corporation defendants. The evidence fails to show the reasonable value of the premises in which the signs were posted. Counsel for plaintiff attempted, without success, to qualify himself as an expert upon the reasonable value of the property and upon the reasonable value of the use and occupation of the property "produced through force and fraud." This was not done until after the motion for nonsuit was made. Upon being informed that his qualification of himself as an expert was insufficient, he submitted the motion without further testimony. The nonsuit was, therefore, properly granted upon the second ground named as to all the defendants.

■ The plaintiff, as appellant here, now contends for the first time that, owing to certain defective denials of the

answer, the defendants admitted having taken possession and posted the bills and signs. Paragraph II of the answer makes a full and complete denial with respect to 604 and 606 Third Street. The same paragraph undertakes to deny the same allegation with respect to 610–610a Third Street, but is defective in failing to repeat "or at any other time" in the expression "Deny that on the 28th of August, 1926, defendants took possession, etc." This point was not raised at the trial. The cause proceeded upon the theory that this was an issue and the appellant is, therefore, not permitted to take advantage of this defect at this time. (*Etienne* v. *Kendall*, 202 Cal. 251, 257 [259 Pac. 752].)

During the course of the trial, the court denied the appellant's motion for permission to amend the complaint in order to ask for exemplary damages. This was a matter within the discretion of the court, and it in no manner appears that such discretion was not soundly exercised in denying permission to add a prayer for exemplary damages.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 14, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 9, 1929.

All the Justices concurred.