[Civ. No. 7818. First Appellate District, Division Two.—May 29, 1931.]

ELMA V. HERRILL, Appellant, v. R. R. RUGG et al., Respondents.

J. Reagen Talbott and Alfred Nelson for Appellant.

Breed, Burpee & Robinson for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for fraud. The cause was tried before a jury. At the close of all the evidence defendants moved for a directed verdict. At the suggestion of the trial judge the motion was changed to a motion for nonsuit. This motion was granted and judgment for defendants was entered. Plaintiff appeals upon typewritten transcripts.

Respondents Rugg and Lisbon were partners engaged in the business of building and selling houses. Defendant Hitchcock was a long-time friend and adviser of the plaintiff, with whom he boarded and with whom he had been engaged as a partner in an automobile business. Hitchcock approached Rugg and Lisbon and obtained their consent to present to plaintiff a proposition to exchange her home property for four houses being erected in the Rugg and Lisbon tract. Rugg and Lisbon agreed to pay Hitchcock $500 for effecting the exchange. In presenting the proposition to plaintiff Hitchcock represented to her that the four houses were of good value and were each worth $500 more than she was paying for them. She testified that she believed this statement and made the exchange in reliance

upon it. She took the four houses, sold three of them, and retained the fourth as her residence.

The representations upon which appellant bases her action were purely matters of opinion and do not constitute actionable fraud. (12 R. C. L., pp. 279, 281; 12 Cal. Jur. 727; 26 Cor. Jur., p. 1079; *Brandt* v. *Krogh*, 14 Cal. App. 39, 49 [111 Pac. 275].)

The qualification of this rule, that matters which might otherwise be mere expressions of opinion may be actionable when they are stated as accomplished facts (*Neff* v. *Engler*, 205 Cal. 484, 490 [271 Pac. 744]), does not apply here. The appellant testified that Hitchcock "praised the houses a great deal", and that he told her that "in his opinion the houses were worth $500 more than she was paying for them". Three witnesses were called by appellant as real estate "experts". Their opinions as to the values of the four houses varied more than $500. The buildings were not completed when the representations as to value were made; they were to be located in a new tract where "values", as distinguished from selling prices, had not become fixed. From the very nature of things the valuation placed by Hitchcock was a mere expression of opinion which was not stated as a fact and was not represented as based upon fact. It is impossible to conceive that it was treated by either party as anything more than an opinion, or what is usually termed "dealer's talk" or "trade talk". (26 Cor. Jur., p. 1097; 12 R. C. L., pp. 250, 251.) Such representations, which from the very nature of things are not susceptible of personal knowledge, are uniformly held expressions of opinion and not actionable.

As to the respondents Rugg and Lisbon the judgment must be affirmed for the additional reason that appellant failed to prove that Hitchcock was their agent. The uncontroverted proof is that Hitchcock was at all times acting as appellant's agent. To prove that he was also acting as agent for the other respondents the appellant testified that Hitchcock told her he was working for Rugg and Lisbon. Upon objection of these respondents the trial judge ruled that the testimony was not admissible to prove such agency and instructed the jury to disregard it. In this ruling and instruction there was no error. (Code Civ. Proc., sec. 1870, subd. 5; 1 Cal. Jur. 698; *Eastern Hotel*

*Co.* v. *Miller Bros. Show,* 101 Cal. App. 241, 243 [281 Pac. 661].) ■ Appellant cites the further circumstances as proof of the agency that Hitchcock was paid $500 by Rugg and Lisbon for his services in effecting the trade. But the evidence is unmistakable that the respondents dealt with him throughout the transaction as the agent of appellant and that from the beginning appellant was informed that respondents would pay Hitchcock a commission and that she gave her consent thereto. The payment of this commission was merely a condition of the contract of exchange and did not alter the status of Hitchcock as the agent of appellant. (*Wittenbrock* v. *Parker,* 102 Cal. 93, 100 [41 Am. St. Rep. 172, 24 L. R. A. 197, 36 Pac. 374].)

■ Finally it is argued that the court erred in granting the nonsuit because the grounds of the motion were not fully stated. The record discloses that, at the close of all the evidence, respondents made a motion for a directed verdict upon specific grounds. This motion was fully argued and the trial judge stated that "I am rather inclined to think that instead of a motion for a directed verdict that the court will be disposed to grant a nonsuit as to both parties." Mr. Robinson (counsel for respondents): "I will make such a motion and submit it." The Court: "I would not sustain any verdict if it was rendered, I would set it aside . . . The motion for a nonsuit will be granted upon the ground that there is not a sufficient case to go to the jury . . . This does not prevent the plaintiff from bringing a new action in granting a nonsuit. That is what I would be willing to grant at this time, and therefore I grant that rather than a directed verdict."

No objection was made to this procedure. It is manifest that the motion for a nonsuit was made and considered upon the same grounds stated in the previous motion. It is, of course, the settled rule that a motion for a nonsuit should specify the grounds upon which it is made. (*Daley* v. *Russ,* 86 Cal. 114, 117 [24 Pac. 867]); "the reason therefor being that upon the defect being pointed out plaintiff might overcome the objection by additional evidence permitted by the court". (*Williamson* v. *Williamson,* 41 Cal. App. 721, 726 [183 Pac. 301, 303].) All this was done in the motion for a directed verdict which might well have been granted but for the leniency of the trial judge in transform-

ing the motion to one for nonsuit. We cannot conceive how the appellant could have been prejudiced by these proceedings.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.