[Civ. No. 9194.   Second Appellate District, Division Two.—January 31,
. 1935.]

C. U. PENFIELD, Appellant, v. BENNETT FILM LAB-
ORATORIES (a Corporation) et al., Respondents.

David Welts for Appellant.

Loeb, Walker & Loeb and Herman F. Selvin for Respond-
ents.

SCOTT, J., *pro tem.*—Plaintiff appeals from order of non-
suit in favor of defendant corporation and its president,
defendant James.

Suit was brought to recover damages for fraud and for
breach of trust.  Defendant James had told plaintiff that

defendant corporation was making a motion picture serial and that if plaintiff would advance money to complete the series he could thereby earn half the net profits. The picture was completed and the right to exhibit it was sold through a third party. The proceeds were insufficient to reimburse plaintiff for money advanced and no profit was realized.  ▉  Certain statements were made by James to induce plaintiff to advance the money, which amounted to no more than expressions of opinion. For example, plaintiff testified: "Mr. James assured me that the picture—he would sell it to Universal Pictures Corporation when completed. What he had seen of the picture was very good, and if the balance was as good as that there would be no question about him selling it to them." With such qualification in mind, statements that the picture when completed should sell for $75,000 with profit to plaintiff of $25,000 cannot be considered actionable fraud (*Coleman* v. *Dawson,* 110 Cal. App. 201 [294 Pac. 13]; *Herrill* v. *Rugg,* 114 Cal. App. 492 [300 Pac. 140]; 12 Cal. Jur. 729), uncertainties as to actors, purchasers and public taste being matters of general knowledge.

▉  To support the second cause of action, for breach of trust, plaintiff sought to show that out of proceeds of sale of the picture he, rather than defendant corporation, was to be the first to be reimbursed. The letter from defendant corporation to plaintiff, and accepted by the latter, setting out the agreement, does not support this contention, and no other competent evidence to this effect was presented at the trial. Further complaint is made that the theoretical value of the picture was not realized when it was sold; but it appears that the selling agent went ahead in a usual and reasonable manner to sell the picture, and that plaintiff's objection arises rather from the unsatisfactory results than from improper conduct. No failure to account for funds received is charged, except as above stated.

The rulings of the trial court with regard to the introduction of evidence were proper.

The motion for nonsuit was properly granted and the order is affirmed.

Stephens, P. J., and Crail, J., concurred.