# Wm. W. Rogers

## *v.*

# Harvey Meyers *et al.*

1. MARSHALLING ASSETS—*rule not extended to debtor.* The rule in equity, that where a creditor has a lien on two funds, and another creditor has a lien on one of them only, the former will be required to satisfy his claim out of the fund upon which the other has no lien, has no application as between the debtor and creditor. It applies only as between different creditors.

2. SUBROGATION—*not extended to one paying his own debt.* Where a debtor gave his note, secured by mortgage on real estate in Kentucky, and his equity of redemption was sold and bid in by another creditor at sheriff's sale, under execution, and he filed his bill to enjoin the prosecution of an action at law, by an assignee of the note secured by mortgage, and to compel the latter to resort to the foreclosure of the mortgage, or, if that could not be done, and he was compelled to pay the note, that he be subrogated to the equitable right of the assignee to foreclose, and thus compel the purchaser of the equity of redemption to pay the same or lose his purchase, it was *held*, that the complainant had no just claim to be thus subrogated, as he was both legally and equitably bound to pay the debt, and that he should redeem from the execution sale or lose the property sold.

3. MORTGAGE—*election of remedies.* A mortgagee or his assignee has the right to collect the mortgage debt by a suit at law on the notes, or by foreclosure in equity, and the fact that the mortgagor's equity of redemption has been sold on execution for other indebtedness, will not change the rule or deprive the holder of the mortgage indebtedness of his right of election.

4. SAME—*release of mortgagor from debt.* The purchase on execution of the mortgagor's equity of redemption by a stranger to the mortgage, for other indebtedness, will not affect the right of the mortgagee or his assignee to resort to any or all the remedies he had before. Such a purchase will not render the purchaser the debtor of the mortgagee or his assignee, and release the mortgagor, either at law or in equity. Therefore the mortgagor has no right in equity to compel such purchaser to redeem from his mortgage or lose his debt. The mortgage creditor may do so, if he chooses, by foreclosure.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was a bill in chancery, by William W. Rogers against Harvey Meyers, The Farmers' Bank of Kentucky, and William W. Willard, to enjoin the prosecution of a suit at law, and for other relief, stated in the opinion of the court. Willard was the plaintiff's attorney in the suit at law.

Mr. D. C. JONES, for the appellant.

Mr. W. W. WILLARD for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a bill in chancery against appellees, in the Marion circuit court. It charges that the complainant executed two promissory notes, for the sum of $6000 each, payable to one E. P. Buckner, at one year from date, with six per cent interest per annum, from date. To secure their payment, he gave a mortgage on two lots of ground in the city of Covington, in the State of Kentucky.

It alleges that one lot was worth $15,000, and was known as the warehouse property; that complainant became liable,

as surety for other persons, to the Farmers' Bank of Kentucky, which was on other considerations than the debt for which the notes were given to Buckner; that the bank obtained a judgment against appellant for a large sum of money on the notes on which he was surety, all of which was paid and satisfied, except $6,975, from other property than that mortgaged to Buckner; that this last sum was satisfied by sale of the warehouse lot, on which Buckner held the mortgage; that complainant paid one of the notes given to Buckner, and another lot embraced in the mortgage was released, but the warehouse lot was incumbered by the Buckner mortgage when it was sold and bid in by the bank; that the mortgage was a prior lien, and duly recorded, when the bank obtained the judgment on which the property was sold.

It is alleged that the bank purchased charged with notice of the mortgage, and only bought the equity of redemption. It is charged and claimed that the bank, by purchasing, became liable to pay the mortgage, it being a prior lien to the sale; that the property, when sold, was worth $15,000; that the unpaid note given to Buckner had been sued upon in the Marion circuit court, in the name of Meyers, who claims to hold the note as assignee; that Meyers, the bank, and Buckner colluded together to defraud complainant, by enforcing payment of the note, when the bank has in fact paid the same, but had it assigned to Meyers, and he is the ostensible holder of the note, when it was in fact paid, thus to enable the bank to hold the mortgaged property under its purchase on the judgment.

That even if Meyers is the *bona fide* holder of the note, yet he has a lien, by virtue of the mortgage, on the property, and the right to sue at law on the note. If a judgment should be recovered against complainant, and he be compelled to pay the same, that he be subrogated to the rights of Meyers in the mortgage, and have the right to foreclose it on the warehouse property; and to avoid a multiplicity of suits, that Meyers be enjoined from prosecuting his suit on the note.

Appellee Meyers answered, under oath, admitting the execution of the notes and mortgage, and the assignment of the note to him, and the suit thereon, as charged, but insists that he purchased it in good faith, and for a valuable consideration paid by him, and he denies all collusion ; that under the laws of Kentucky, the bank, by the purchase of the warehouse property under the execution, only acquired a lien or second mortgage on the property to secure their bid, with ten per cent interest thereon, from the time of the sale until the debt should be paid ; that Rogers is still the owner of the property, subject to the mortgage and the lien of the bid of the bank, and has the right to redeem from both, at any time within fifteen years from the time of the sale ; and on such redemption, Rogers is entitled to credit for all rents received from the property. To this answer a replication was filed.

A hearing was had on the bill, answer, replication and proofs, when the circuit court rendered a decree dismissing the bill at complainant's costs ; and he prosecutes this appeal to reverse that decree.

It is insisted that when the bank purchased the warehouse property, it being worth both debts, the presumption is that the bank bid the amount of the mortgage, less than the value of the property, and thereby became liable to redeem from the mortgage. As ordinary business men, the officers of the bank would not have bid more than the property was worth, knowing that their purchase was subject to the mortgage, and it might be compelled to redeem ; but, conceding this to be true, we do not understand that such a purchase by a stranger to the transaction can, in the slightest degree, affect the right of the mortgagee to resort to any or all of the remedies he had before the other became a purchaser. Such a purchase by the bank did not render it Meyers' debtor and release Rogers, either at law or in equity.

But it is claimed that the bank, and not Meyers, is the real owner of the note and mortgage, although the note was assigned to Meyers. This is denied by the sworn answer of

Meyers, who says he purchased it in good faith and for value paid by him, and that he purchased because of the amount he expected to make by the purchase. Nor has appellant overcome this answer by evidence. On the contrary, Meyers is strongly corroborated by other testimony. It is, no doubt, true, that the president and directors were anxious that some one should become the purchaser of the note and mortgage, who would enforce payment by suit on the note, and thus relieve them from the necessity of redeeming the warehouse property ; and we think the evidence shows that such an effort was made, and that Meyers was induced to purchase, but the evidence, we think, entirely fails to establish any interest of the bank in the claim. Complainant has failed to sustain this charge in his bill, and hence he has failed to sustain that ground of relief, even if it constituted an equitable defense to the note.

The position of Meyers is precisely that of any other mortgagee when some other creditor has sold and become the purchaser of the equity of redemption. He may, if he choose, file a bill and foreclose the mortgage, or he may sue at law on the note and enforce payment from other means than the mortgaged property. We have been referred to no authority, nor have we been able to find any, which holds that the purchaser of the equity of redemption can be compelled to redeem from a prior mortgage. He undeniably has the right, if he choose to do so, or to permit the mortgage to take the property and thus to lose his debt. But there is no compulsion, and there can be none. Meyers occupies the position that Buckner did before he assigned the note. And no one would claim that he could be enjoined from suing upon the note.

It is, however, said, appellant may lose the warehouse property. This will, no doubt, be true, if he fails to redeem it within the time prescribed by law. But he has, under the statute of Kentucky, fifteen years from the day the bank purchased under the execution, within which to make a redemption. The note, the mortgage and the assignment were

all executed in Kentucky, and the *lex loci contractus* entered into, and must control the rights of the parties growing out of the transaction. Even if, under our laws, appellant would be entitled to relief, which we do not concede, in view of the statute of Kentucky we could not restrain the prosecution of the suit at law. If the warehouse property is worth more than the bid of the bank, and ten per cent interest thereon, there is no reason why he should not sell it, and pay the overplus on the note in controversy. If it is worth no more, then it would be highly inequitable and unjust to grant the relief sought.

We are unable to perceive any right held by Meyers to which appellant has any just claim to be subrogated. He is legally and equitably bound to pay the debt to Meyers, and should pay the bank or lose the property they have purchased. We do not see that the principle that where a creditor has a lien on two funds, and another creditor has a lien on one of those funds, the former will be required to satisfy his claim out of the fund upon which the other has no lien, can be applied in this case. That is a rule that may be invoked as between different creditors, but has, so far as we are aware, never been applied as between debtor and creditor. There is no pretense that appellant does not justly owe the debt, nor is any just reason urged why he should not pay it or why it should not be enforced in the suit at law.

We can see no ground for enjoining the suit on the note, and the court below did right in dismissing the bill, and the decree is affirmed.

*Decree affirmed.*