[Civ. No. 7010. First Appellate District, Division One.—April 29, 1930.]

NATHAN GURSKY, Appellant, v. JACOB ROSENBERG, Respondent.

 

Dozier & Kimball for Appellant.

Tobin & Tobin and Charles R. Collins for Respondent.

THE COURT.—Appeal by the plaintiff from a judgment of nonsuit.

The action was commenced on December 14, 1926, to recover the sum of $4,889.50 with interest thereon from April 13, 1926, on which date the plaintiff paid the amount to the San Francisco Bank, a corporation.

According to the complaint the plaintiff and Nathan Bronstein with their wives on November 9, 1920, executed to the bank their note for $8,000, payable one year after date, with interest, and secured the same by a trust deed of certain real property owned by them. The note provided that "in case any change is made in the title to all or any part of the property described in the deed of trust securing this note the whole of said principal sum shall forthwith become due and payable at the election of the holder of the note." It was alleged that on August 4, 1921, the above-named owners of the property conveyed by grant deed to Sadie S. Gunzberger; that as part of the consideration the grantee agreed to pay the above note, the deed providing that the same was made "subject to deed of trust in the sum of $8,000"; that on November 10, 1921, Sadie S. Gunzberger and her husband executed a grant deed, conveying the same property to defendant Jacob Rosenberg, who, as part of the consideration therefor, agreed to pay the above note, and that the deed contained the following provision: "subject to encumbrances in the sum of $8,000"; that on November 29, 1922, the defendant by grant deed conveyed the property to Edward Blonquist and his wife, who as a part of the consideration agreed to indorse the note; that on January 26, 1923, the defendant with Blonquist and his wife and Blanch and William Flynn, to whom the Blonquists had conveyed the property, "in order to have the said . . . San

Francisco Bank permit said note to run and not demand its immediate payment, did indorse jointly and severally the said promissory note although the same was wholly due, owing and unpaid and had passed its maturity . . . did write their respective names on the back of said promissory note·. . . ;'' and further caused to be written on the back thereof and over their signatures the words, ''For value received I hereby waive demand and notice of demand, protest and notice of protest and nonpayment''; that on April 9, 1926, the note being due and unpaid, the property was sold by the trustee in the manner provided by the trust deed, and after applying the proceeds there remained a balance of the note unpaid, namely, $4,889.50, which the plaintiff on April 13, 1926, following its demand, paid to the bank.

The defendant denied that he or Mrs. Rosenberg assumed or agreed to· pay the note, and further denied that his signature was placed on the back of the instrument for the purpose of obtaining an extension of the time of payment.

At the trial the note with the indorsements thereon was placed in evidence, but other than by the production of the deeds mentioned there was no attempt to prove and no evidence that Mrs. Gunzberger or the defendant, as part of the consideration for the conveyance to them or either of them, agreed to assume or pay the debt secured by the trust deed; and the rule is well settled that such an agreement is not established by the recital in the deed that the conveyance ''is subject to'' a mortgage or other encumbrance upon the property (*Hibernia Sav. & Loan Soc.* v. *Dickinson,* 167 Cal. 616 [140 Pac. 265]; *Andrews* v. *Robertson,* 177 Cal. 434 [170 Pac. 1129]).

After the plaintiff rested his case the defendant moved for a nonsuit upon the ground that no proof of such assumption had been made; whereupon the plaintiff, as stated by his counsel, sought to show ''that at the time that defendant . . . endorsed the note it was upon the agreement and for the consideration that the bank was to allow the note to run indefinitely,'' further stating that his whole argument would be based thereon; and in this connection it was stipulated that plaintiff and his counsel if sworn would testify that the defendant stated to them ''that he bought the property after the note was due . . . that the bank would call the

loan, and he did not want the loan called, and he indorsed the note in order to let it run.'' In addition an officer of the bank testified in substance that after the transfer of the property to the defendant the latter indorsed the note at the request of the bank in the manner alleged. The witness could not remember the conversation had with the defendant at the time the indorsement was made, but stated that it was the bank's custom to require indorsements from grantees whenever a change was made in the title of the property mortgaged or deeded in trust to secure its loans, and that this course was followed in the present case. The witness further testified that as far as he could recollect no promise was made by the defendant or his co-indorsers other than that which was legally implied from their indorsements. As he stated, ''We simply took a straight indorsement and their waiver of protest,'' and further that the bank gave no promise to extend the time of payment for a definite period. The defendant was also called as a witness for the plaintiff pursuant to section 2055 of the Code of Civil Procedure, and admitted his indorsement, but denied the same was made pursuant to an agreement with the bank.

Defendant contends that in the absence of a definite extension of time for the payment of the debt his indorsement was not binding. But, however this may be, it is clear that in any event his obligation was but that of a guarantor (*Crooks* v. *Tully,* 50 Cal. 254; *First Nat. Bank* v. *Babcock,* 94 Cal. 96 [28 Am. St. Rep. 94, 29 Pac. 415]; *Rogers* v. *Schulenburg,* 111 Cal. 281 [43 Pac. 899]; 19 Cal. Jur., Negotiable Instruments, sec. 68, p. 880); ██ and subrogation is allowed only in favor of one who under some duty or compulsion, legal or moral, pays the debt of another, and not in favor of him who pays a debt in performance of his own covenant (37 Cyc., Subrogation, p. 374).

██ Here the defendant so far as shown made no promise and assumed no obligation to the plaintiff, and there was no privity of contract between them. Consequently, payment by the plaintiff of the balance of the note was in performance of his own obligation, which gave him no right of subrogation to the rights of the bank against the defendant (*March* v. *Barnet,* 121 Cal. 419 [66 Am. St. Rep. 44, 53 Pac. 933]; *Sacramento Bank* v. *Pacific Bank,* 124 Cal. 147 [71 Am. St. Rep. 36, 45 L. R. A. 863, 56 Pac. 787]; *Rogers*

v. *Meyers,* 68 Ill. 92; Jones on Mortgages, 8th ed., sec. 1119).

The motion for a nonsuit was not renewed after the making of the stipulation mentioned and the bank official had testified. The plaintiff contends that the motion was insufficient to support the order granting the nonsuit.

The record shows sufficiently that the court and counsel assumed that the motion in form based upon all the testimony was made, and they proceeded accordingly. Moreover, where it appears that the plaintiff has totally failed to make out a case which would support a finding in his favor, and that the defect is incurable, as was true here, the granting of a nonsuit based upon the insufficiency of the evidence without a formal motion, while irregular, is without prejudice (*Daley* v. *Russ,* 86 Cal. 114 [24 Pac. 867]; *Fontana* v. *Pacific Can Co.,* 129 Cal. 51 [61 Pac. 580]; *Warner* v. *Warner,* 144 Cal. 615 [78 Pac. 24]; *Estate of Higgins,* 156 Cal. 257 [104 Pac. 6]). The record discloses no evidence which would support a judgment for the plaintiff, and the judgment appealed from is accordingly affirmed.