[Civ. No. 7556. Second Appellate District, Division Two.—December 19, 1930.]

In the Matter of the Estate of ANNA M. IVEY, Deceased. PEARL L. BROWN et al., Respondents, v. MAUD L. NELSON et al., Executrices, etc., Appellants.

R. D. McLaughlin and J. B. McLaughlin for Appellants.

Duke Stone for Respondents.

THOMPSON (IRA F.), J.—This is an appeal from a judgment in a will contest declaring the purported last will and testament of Anna M. Ivey, deceased, to be void. The contest was based upon the grounds of undue influence and the unsound mind of the testatrix. The jury found that Anna M. Ivey was not mentally competent to execute a will on October 10, 1925, and also that the execution thereof on that date was obtained through the undue influence of one or more of the following: Maude A. Nelson, her husband, Elan A. Nelson, and Birdinia J. Wilson. The principal contention relied upon for a reversal of the judgment is that the evidence is insufficient to support the findings of the jury. Heretofore an appeal was

3, See 26 Cal. Jur. 638; 28 R. C. L. 97 (8 Perm. Supp., p. 6087).

taken by contestants from a judgment of nonsuit. In the decision of that case, *Estate of Ivey,* 94 Cal. App. 576 [271 Pac. 559], the court reviewed the testimony adduced and concluded that there was substantial evidence of the unsoundness of mind of the testatrix. The evidence produced in the second trial by the contestants and apparently from the same witnesses differs in a few respects from that set forth in the opinion. But the variances are insubstantial and immaterial. No useful purpose can be served by again setting forth the testimony which supports the finding of the jury that the testatrix was of unsound mind. And regardless of how we might view the evidence as a whole, if we were charged with the duty of finding facts, our duty is to sustain the verdict of the jury if there is any substantial evidence to support it. Nor is it essential for us to set forth the testimony relating to undue influence. The result would be the same though the evidence as to the latter finding should be otherwise insufficient.

It is also urged that the court commented on the evidence or rather the credibility of one of the witnesses before the jury. What happened is as follows: One of the subscribing witnesses was called to the stand and testified as to what was said and done at the time the will was executed. She was then asked whether Mrs. Ivey in her opinion "appeared to be a woman of sound mind". An objection was lodged by counsel for contestants on the ground that she was not qualified to express an opinion. The judge's attention was called to the fact that she was an attesting witness, whereupon the following statements were made:

"The Court: A different rule, of course, prevails there.

"Contestants' counsel: Not as to soundness of mind, if your Honor please.

"Proponents' counsel: Even as to soundness of mind.

"The Court: Well, I think there should be some foundation laid for it. There is still some foundation lacking.

"Contestants' counsel: May I have the code?

"The Court: She can state what she saw as to her physical condition, etc. The foundation should be laid.

"Contestants' counsel: This is merely for the signature.

"The Court: The mere fact that a person walked into a house and sees one for a few minutes, even an attesting witness has to be qualified on that.

"Proponents' counsel: I was looking for the code.

"The Court: I know what you refer to.

"Proponents' counsel: An attesting witness doesn't have to be qualified, but one who is not an intimate acquaintance.

"The Court: It is a matter of common sense. A person can't walk into a house and see a person for five or ten minutes—I am speaking generally—and witness their signature and be qualified to testify they are of sound mind.

"Proponents' counsel: Well, there is some argument about it. I know there should be some foundation laid.

"The Court: If she is to testify to that, she should be qualified. You can examine the code if you want to."

(Mr. McLaughlin examines a book.)

"The Court: Take a recess at this time. It is eleven o'clock."

(After recess.)

"Proponents' counsel: Mrs. Vohs, I believe, was on the stand. Now, if the court please—

"The Court (interposing): Now, just a moment. I will say to the jury at this time that whenever the court is ruling upon questions which are questions of law raised during the trial of the case, anything that the court may say upon the matter is not to be regarded by you as any evidence or any indication of how the court feels about it, so that any remarks I may have made or may make about this matter the jury will disregard. You need not go into the matter at all. The witness may answer the question. It is a matter for cross-examination."

We are satisfied that no damage was done to the cause of the proponents by the remarks of the judge. He did comment erroneously, but he immediately instructed the jury to disregard his remarks and permitted the witness to answer the question. And in his general instructions to the jury he informed them that the law presumes that the subscribing witnesses had their attention directed to, and noted, the mental capacity of the testatrix and that for that reason their opinions are entitled to more consideration than would be given to one who was merely passive.

■ Appellants assert that the court committed error when it refused to admit in evidence the certificate of proof of will and facts found in the matter of the estate of Anna M. Ivey. It is their contention that this being a contest after probate they were entitled to have the document

presented for the purpose of establishing the presumption that the deceased was of sound mind. We see no merit in the contention. "The presumption is always that a person is sane, and the burden is always upon the contestants of the will to show affirmatively, and by a preponderance of the evidence that the testatrix was of unsound mind at the time of the execution of the will." (*Estate of Perkins,* 195 Cal. 699 [235 Pac. 45, 46].) The court instructed the jury to this effect.

■ The notice of appeal recites that an appeal is taken from an order denying proponents' motion for a new trial. Such an order is not appealable. The ruling on that motion is reviewable on the appeal from the judgment.

No other points require discussion.

Judgment affirmed. Appeal from order dismissed.

Works, P. J., and Craig, J., concurred.