[Civ. No. 8735. First Appellate District, Division Two.—March 29, 1933.]

CARL WOLFERT, Respondent, v. POMPY GUADAGNO et al., Appellants.

Eric Lyders for Appellants.

Harry Gottesfeld and George C. Carmody for Respondent.

DOOLING, J., *pro tem.*—The question involved upon this appeal as stated on the first page of appellant's opening brief pursuant to subdivision 2 of Rule VIII of the Rules for the Supreme Court and District Courts of Appeal uses the letters A, B and C to designate the names of certain individuals involved in the transaction. Substituting for these letters the names of those persons as they appear from the record that statement will then read: "Appellants purchased realty from respondent giving their note payable in instalments, secured by second deed of trust as part of consideration. Thereafter they conveyed to Smythe. Thereafter, and without the consent of appellants Smythe conveyed to Pollak and Pollak to Crothers. Transferees assumed payment of appellants' note and were accepted as payors by respondent. Respondent demanded of Crothers insurance different from that provided in deed of trust. Crothers defaulted in his payments and respondent gave notice of intention to sell under trust deed. Prior to sale respondent notified tenants to pay rent to him and to nobody else while trust deed provided for payment to trustee in such case.

"Thereafter the property was sold under trust deed. Respondent bought it for less than residue of debt and sued appellants, but not the subsequent transferees, for deficiency and had judgment from which appellants appeal.

"Appellants contend that when they sold to Smythe he became the principal obligor and they sureties and that by virtue of the subsequent transfers to Pollak and Crothers and the dealings between respondent and Crothers, contrary to the provisions of the trust deed, they were released". For simplicity we have used in this statement "Pollak" and "Crothers" although the transfers were in fact to Pollak and wife and to Crothers and wife. Wherever in this opinion Pollak or Crothers is used the reference will be understood to include both husband and wife.

It will be observed from this quoted statement that the keystone of the structure of appellants' argument is found in the claim that "transferees assumed payment of appellants' note and were accepted as payors by respondent". Upon this assumption appellants claim: 1. That the substitution of Pollak and Crothers as principal obligors in place of Smythe discharged appellants as sureties for Smythe, and 2. That respondent's dealings with Crothers as principal obligor contrary to the provisions of the trust deed likewise discharged appellants. If the keystone of this argument falls it must carry the whole structure with it into collapse.

As a matter of fact, the trial court found that neither Pollak nor Crothers assumed the payment of this obligation. Appellants attack these findings as contrary to the evidence. As to Pollak neither the written agreement under which he purchased nor secondary evidence thereof was introduced and there is no evidence in the record which would support a finding that he assumed this obligation. As to Crothers the written agreement under which he purchased shows that he bought the property "subject to" the deed of trust.

■ It is settled law that a purchaser of real property who buys under a writing which makes his purchase "subject to" a mortgage or deed of trust does not thereby assume or agree to pay the obligation so secured. (*Hibernia Sav. & L. Soc.* v. *Dickinson,* 167 Cal. 616, 620 [140 Pac. 265]; *McArthur* v. *Goodwin,* 173 Cal. 499, 505 [160 Pac. 679]; *Andrews* v. *Robertson,* 177 Cal. 434, 439 [170 Pac. 1129]; *Gursky* v. *Rosenberg,* 105 Cal. App. 410, 412 [287 Pac. 575.) ■ We find no other evidence in the record which would compel the trial court to find that Crothers assumed the payment of this debt. This being so, neither Pollak nor Crothers became principal obligors as claimed by appellants. While they held title they were naturally interested in making the payments to protect their property, but they were not legally bound to make them. Conceding that Smythe assumed this obligation, although the trial court found otherwise, the legal obligation to make the payment never passed from him to his successors in title. Any dealings had between respondent and Pollak or Crothers could, therefore, not affect appellants' rights unless they thereby legally

assumed the obligation of paying this debt to respondent, or appellants' legal position in respect to the debt was in some manner changed. No such facts appear.

There is no showing that the demand for rent made on one tenant was acceded to by the tenant or that appellants' rights were by such demand in any way affected. We may add that while very little testimony is reprinted in appellants' brief, we have examined the typewritten transcript and are satisfied that no injustice has been done to appellants.

Judgment affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.