[Civ. No. 10670.   First Appellate District, Division One.—December 12, 1938.]

ANNA FORD, Appellant, v. ELSIE EVANS, Respondent.

Kenneth Carlton Zwerin for Appellant.

Leon Samuels and A. E. Levinson for Respondent.

JONES, J., *pro tem.*—This is an appeal by the plaintiff from a judgment of nonsuit, and from an order denying a motion for a new trial.

The action was commenced by the appellant to recover damages from the respondent for alleged alienation of the affections of appellant's husband, Richard Ford. The evidence discloses without conflict that discord existed between the appellant and her husband for a considerable period of time, due primarily to the excessive use of alcoholic liquors by the appellant. This discord finally culminated in a divorce action. Mrs. Evans, the respondent, and her husband were on friendly terms with the Fords, the relationship beginning in 1928. Visits were exchanged and the two families took frequent vacation trips together. Eventually, Mrs. Ford was excluded from the Evans' home on account of her frequent intoxication and resulting obnoxiousness. Mr. and Mrs. Evans continued in their home life and were still living together in a happy and contented state at the time of the trial. Mr. Ford continued to be an occasional guest at their house. The evidence discloses nothing which tends to show that Ford ever bestowed any affection upon Mrs. Evans, the respondent, or that there was the slightest conduct upon her part which led to the separation of the Fords.

In order to recover in this kind of an action, the plaintiff is required to show that her husband was induced to abandon her by some active interference on the part of the defendant. Mere proof of abandonment by the husband, or that he voluntarily separated from his wife because of matrimonial differences, is not sufficient. It must appear that any alienation was caused directly by the defendant, and by intentional and wrongful conduct on her part. Anything short of this is not sufficient. (*Berger* v. *Levy,* 5 Cal. App. (2d) 554 [43 Pac. (2d) 610].)

Upon the conclusion of plaintiff's case, counsel for defendant made a motion for a nonsuit, and while making the motion the court interrupted, stating in effect that the plaintiff had failed to produce any evidence sufficient to

show that the defendant had alienated the affections of plaintiff's husband, and that no case at all was made. Thereupon, the motion for a nonsuit was granted.

■ While it may be somewhat irregular for the court to state the grounds upon which the motion for a nonsuit is based, such action is without prejudice where the plaintiff has totally failed to make out a case, and there is no evidence which would support a favorable finding. (*Estate of Higgins*, 156 Cal. 257 [104 Pac. 6]; *Van Wyke* v. *Burrows*, 98 Cal. App. 415 [277 Pac. 190]; *Gursky* v. *Rosenberg*, 105 Cal. App. 410 [287 Pac. 575].) The record here discloses no evidence which would support a finding for the plaintiff.

■ The notice of appeal recites that an appeal is taken from the order denying a motion for a new trial. Such an order is not appealable. (*Estate of Ivey*, 110 Cal. App. 561 [294 Pac. 420]; *Walter* v. *Ayvazian*, 134 Cal. App. 360 [25 Pac. (2d) 526].)

The judgment is affirmed. The appeal from the order denying a motion for a new trial is dismissed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1939.