[Civ. No. 10862. First Appellate District, Division One.—December 14, 1938.]

In the Matter of the Estate of OSCAR ANDERSON, Deceased. CLARA HEDENDAHL, Respondent, v. FRANK WINKLER et al., Appellants.

638

Norman Johnson and Thomas & Thomas for Appellants.

Sven H. Svenson for Respondent.

JONES, J., *pro tem.*—This is an appeal from a judgment denying probate to the purported will of one Oscar Anderson and from an order denying a motion for a new trial.

By the terms of this will the decedent bequeathed all of his property to the appellant Elizabeth Winkler, and named her husband, Frank Winkler, executor thereof. A sister, Clara Hedendahl, was named and bequeathed one dollar. The case was tried before a jury and special issues were submitted.

The appellants concede that no error was committed in the conduct of the trial, or in instructing the jury. The only claim for a reversal of the judgment is made on the ground that the verdict of the jury on the special issues submitted is not supported by the evidence. The contest to the will was filed by the sister, Clara Hedendahl, who is alleged to

be the only near relative and heir of said decedent. The contest is in three separate counts. The first count alleges unsoundness of mind; the second, undue influence; and the third, that the will was not properly executed.

Anderson had resided in San Francisco for many years, and, through saving, had accumulated over seven thousand dollars. He was on friendly terms with his sister. In 1926 he made a will in which he named her as sole beneficiary. A regular correspondence was carried on between the two. In many of the letters to his sister, who lived in New York, he mentioned that he was in poor health and intended that she should have his property upon his death. Several witnesses testified that Anderson stated on numerous occasions, and as late as April, 1935, that he had arranged for his sister to receive what he had left upon his death. This last statement was made as he was leaving San Francisco for the home of the Winklers in Fort Bragg, and about three weeks before his death. The testimony shows that he had the will which he had made in 1926 with him at this time. There is nothing to show that any estrangement ever existed between him and his sister, or that she was not the natural object of his bounty.

The decedent became acquainted with the appellant Frank Winkler about the year 1902, and later with his wife, Elizabeth Winkler. He visited the Winklers regularly at their home in Fort Bragg, and for periods of from two to three weeks at a time. In April, 1935, his health became particularly poor. He left San Francisco to go to the Winklers and arrived in Fort Bragg on April 24th. His health continued to fail and in a short time he took to his bed and died on May 15th. The cause of his death is given as chronic myocarditis and acute alcoholism. During his entire stay in the Winkler home he was cared for and ministered to by Mrs. Winkler. He would not have a doctor and none was called to attend him until a day or so before his death.

On May 13th, two days before he died, according to the testimony of Mrs. Winkler, Anderson asked her for a pencil and paper, and made the further request that she call in someone to write for him. She asked in two of her neighbors, a Mrs. Berkovits, who had had some legal experience, and another neighbor, Mrs. Howard. The decedent, Anderson, then stated how he wished to dispose of his property, and Mrs. Berkovits proceeded to write down his statements in the

form of a will, which is the contested document here. After the will was written, Mrs. Winkler assisted the others in propping Anderson up in bed so that he could sign it, which he did. It was then signed by Mrs. Berkovits and Mrs. Howard as witnesses. The will was then taken and kept by Mrs. Winkler, and by her handed to her attorney after Anderson's death.

As stated in the *Estate of Graves,* 202 Cal. 258, 262 [259 Pac. 935] : "The rule is well settled that ' "where one who unduly profits by the will as a beneficiary thereunder sustains a confidential relation to the testator, and has actually participated in procuring the execution of the will, the burden is on him to show that the will was not induced by coercion or fraud" (*Estate of Baird,* 176 Cal. 381, 384 [168 Pac. 561] ; *Estate of Nutt,* 181 Cal. 522, 528 [185 Pac. 393]), and that "a presumption of undue influence arises from proof of the existence of a confidential relation between the testator and such a beneficiary, coupled with activity on the part of the latter in the preparation of the will". (*Estate of Higgins,* 156 Cal. 257, 261 [104 Pac. 6].)' (*Estate of Relph,* 192 Cal. 451, 465 [221 Pac. 361].)"

All of the factors essential to the existence of a confidential relation are present in this case, and there is also present an active participation in the execution of the will. This situation gives rise to a presumption of undue influence. Against this presumption the jury was required to weigh the other evidence in the case, and to determine as a question of fact whether the presumption had been overcome. By its finding upon the special issue of undue influence, it decided that the presumption had not been overcome, and under well-established rules this finding of the jury upon a question of fact will not be disturbed on appeal.

The finding of the jury upon the issue of unsoundness of mind is not inconsistent with the determination on the issue of undue influence. In *Estate of Little,* 23 Cal. App. (2d) 40, 44 [72 Pac. (2d) 213], it is stated: "The jury's findings that decedent was of unsound mind and also executed the document dated September 28, 1935, under undue influence are consistent. (*Estate of Olson,* 19 Cal. App. 379, 386 [126 Pac. 171] ; *Estate of Motz,* 136 Cal. 558, 562 [69 Pac. 294].)"

Likewise, the finding that the purported will was not properly subscribed is not inconsistent with the finding of undue influence. Where a finding is made upon an issue which determines a cause, other issues bearing upon the same cause become immaterial, and the fact that other findings are made not in any way inconsistent with the findings which dispose of the case is of no consequence. (*Estate of Baker,* 176 Cal. 430 [168 Pac. 881]; *Warden* v. *Gries,* 120 Cal. App. 187 [7 Pac. (2d) 342]; *C. O. Bashaw Co.* v. *Wood & Stevens, Inc.,* 72 Cal. App. 94 [236 Pac. 346].)

█ The notice of appeal recites that an appeal is taken from the order denying a motion for a new trial. Such an order is not appealable. (*Estate of Ivey,* 110 Cal. App. 561 [294 Pac. 420].)

The judgment is affirmed. The appeal from the order denying a motion for a new trial is dismissed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1939.