MURPHREE, JOHN A. H., Associate Judge.
Dana Brannan died November 23, 1965, at the age of 81. In 1962 he made a will naming a number of beneficiaries who were omitted from his November 20, 1964, will which is in question here. In his 1962 will he bequeathed to his wife’s nephew, Thomas Fitzgerald, an appellant, the sum of $10,-000.00. In his 1964 will he bequeathed to Thomas Fitzgerald the sum of $50,000.00 and to Fitzgerald’s wife the sum of $50,000.-00.
Interested beneficiaries under the 1962 will challenged the validity of the 1964 will on two grounds; first, Dana Brannan lacked testamentary capacity; second, the 1964 will was procured through the exercise of undue influence on the part of Thomas Fitzgerald.
Considerable evidence, documentary, oral, lay and medical was introduced for the consideration of the County Judge. In the end he ruled that the 1964 will was invalid due to the lack of testamentary capacity, thus making the question of undue influence “moot”; but then he went on to hold that the will was in fact procured through the exercise of undue influence.
We have carefully reviewed the lengthy record in this case and are impelled to the conclusion that while there was a decided conflict in the evidence on the question of testamentary capacity there was sufficient competent evidence to support the County Judge’s ruling on this point. To reverse on this score would therefore be to substitute our judgment as to the facts for that of the County Judge who had the advantage of observing the witnesses and hearing them testify.
It is well settled that a judgment or ruling of the trial court is generally presumed to be correct. 2 Fla.Jur., Appeals, § 314, and cases cited. See also, In re Zimmerman’s Estate, Fla.1956, 84 So.2d 560; In re Brackett’s Estate, Fla.App.1959, 109 So.2d 375.
We now consider the second ground urged for reversal, that the finding of the County Judge that Thomas Fitzgerald exercised undue influence in the procurement of the will amounted to an admission of testamentary capacity and that undue influence was not shown. Clearly the main thrust of the judgment invalidating the 1964 will was lack of testamentary capacity. But even if the finding of undue influence be considered as the basis for destroying the will, we are not persuaded that this necessarily negates an attack in the same suit based on lack of testamentary capacity; nor that the conclusion of the County Judge as to lack of capacity is not supported by competent evidence justifying such conclusion. Indeed, lack of testamentary capacity might well serve to make a testator more susceptible to undue influence. See: 34 Fla.Jur., Wills, § 84, and cited Florida cases, where it is said:
“An attack on a will on the ground of undue influence ordinarily concedes the existence of testamentary capacity, since a lack of capacity would make inquiry *727 into undue influence unnecessary. However, though a will may be invalidated through the existence of undue influence alone, a will is sometimes contested on the grounds of both testamentary incapacity and undue influence in procuring its execution. Where it is so attacked, the judgment of the probate court may be that the will is the result of undue influence exerted on a mind not possessed of testamentary capacity at the time it was executed.”
Affirmed.
WALDEN, C. J., and REED, J., concur.