IN RE ESTATE OF NELLIE DILLON ANDERSON, DECEASED. JERRY E. ANDERSON, APPELLEE, V. SYLVIA M. CLAUSSEN APPELLANT.

246 N. W. 2d 586

Filed November 3, 1976. No. 40499.

John J. Respeliers of Respeliers & DiMari, for appellant.

Thomas P. Leary and Robert G. Grove, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Sylvia M. Claussen appeals to this court from a verdict of the jury and subsequent judgment thereon entered by the District Court for Douglas County denying the validity of a purported will executed by the deceased, Nellie Dillon Anderson, on October 9, 1969, and holding, in effect, that a prior will of the testatrix, dated August 5, 1943, was her valid last will and testament. Appellant's sole assignment of error, and the sole issue on appeal, is that the special findings of the jury that the testatrix was not competent to execute the 1969 will and that the will was procured by undue influence are inconsistent with each other so that the general finding of the jury that the 1969 will was not the last will and testament of the testatrix cannot stand. We affirm.

Following the death of the testatrix on September 20, 1973, Jerry E. Anderson, grandson of the testatrix and son of Sidney Dillon Anderson, filed a petition for the probate of the 1943 will in the county court of Douglas County. Under the terms of that will, the testatrix left the bulk of her property to her son, Sidney Dillon Anderson, who subsequently died, and to her daughter, Sylvia M. Claussen, in equal shares. Appellant, Sylvia M. Claussen, thereupon filed objections to the probate of the 1943 will, and, in turn, petitioned for the probate of the 1969 will which left the bulk of the testatrix' property to her.

The county court determined that the 1969 will was valid and admitted it to probate, denying probate of the 1943 will. On appeal to the District Court the parties stipulated that the 1943 will was valid when executed, reserving the issue of whether the testatrix had effectively revoked it by making the 1969 will. The plaintiff contended that the 1969 will was invalid on the grounds of (1) improper execution; (2) lack of testamentary capacity; and (3) undue influence. The case was tried to a jury, which was directed by the trial court to re-

turn a general verdict and to make three special findings on the aforementioned issues. The jury returned a general verdict for the plaintiff, and specially found (1) that the 1969 will was properly executed; (2) that the testatrix was mentally incompetent to make the 1969 will; and (3) that the 1969 will was procured by undue influence. The District Court entered a judgment on the verdict and ordered that the 1943 will be admitted to probate.

The defendant has appealed, contending that the special findings of the jury on the issues of the testatrix' competency and undue influence are inconsistent and irreconcilable, and therefore not a proper basis to support the general verdict. Essentially the defendant argues that a finding of undue influence in a will contest concedes the existence of testamentary capacity, and that there can be no undue influence of a person devoid of mental competency. Thus it is contended that a finding of mental incompetency conflicts with a finding of undue influence so that a general verdict denying the validity of a will cannot be supported.

Defendant is, of course, correct in her contention that special findings of a jury take precedence over a general verdict, and a general verdict cannot rectify improper or erroneous special findings. Wagner v. State, 176 Neb. 589, 126 N. W. 2d 853 (1964). Section 25-1120, R. R. S. 1943, provides that when "the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly." At this point, however, we part company with the defendant's theories.

Although the issues of undue influence and capacity to execute a will are distinct and involve different elements, they are closely related. One of the elements of undue influence is that the testatrix was the kind of person who was subject to influence. Benge v. Sutton, 169 Neb. 769, 100 N. W. 2d 857 (1960). The elements of testamentary capacity are that the testatrix knew and

understood the nature of her act, the extent and character of her property, the proposed disposition of her property, and the objects of her bounty. Holman v. Morrison, 186 Neb. 159, 181 N. W. 2d 441 (1970.) It can be seen that the questions of competency and undue influence are closely connected because one of the elements of undue influence is that the testatrix was subject to influence which overcomes her free will. It is obvious that mental capacity and soundness of mind are relevant considerations in determining whether a testatrix is subject to undue influence, and cases have so stated. Spinar v. Wall, 191 Neb. 395, 215 N. W. 2d 98 (1974); In re Estate of Paisley, 91 Neb. 139, 135 N. W. 435 (1912); 79 Am. Jur. 2d, Wills, § 396, p. 554. Thus in will contests where the testatrix has diminished mental capacity, the issues of both competency and undue influence often arise, and it is proper to submit both issues to the jury for a finding of fact. In re Estate of Strelow, 120 Neb. 235, 231 N. W. 837 (1930).

Defendant relies on In re Metz' Estate, 78 S. D. 212, 100 N. W. 2d 393 (1960), and In re Estate of Melcher, 232 N. W. 2d 442 (S. D., 1975), in support of her contention that findings of both undue influence and incompetency are conflicting. There is general language in those cases to the effect that there can be no undue influence on a person devoid of mental capacity. However, those cases draw a distinction between mental incompetency which voids a will, and diminished mental capacity which is insufficient to void the will, but which shows a susceptibility on the part of the testator to undue influence. Both cases stand for the proposition that where a testator is mentally incompetent to make a will, the question of undue influence is superfluous and need not arise since the will is already invalid on the ground of incompetency. Neither opinion, however, involved the question or is authority for the proposition that findings of both mental incapacity and un-

due influence are conflicting so that a general verdict denying the validity of a will must fall.

Although no prior decisions in this jurisdiction have settled the precise question raised, findings of both undue influence and incompetency have previously been upheld. In the case of In re Estate of Kubat, 109 Neb. 671, 192 N. W. 202 (1923), the jury returned special findings of both incompetency on the part of the testator and undue influence. Although the case was appealed on the ground of insufficiency of the evidence and not on the ground of conflict between the special findings, this court reviewed the evidence on both issues and upheld the jury's findings on both. Similarly, in Holman v. Morrison, *supra,* this court upheld the sufficiency of evidence on both a determination of undue influence and lack of mental capacity.

Moreover, cases in other jurisdictions clearly hold that special findings, such as the ones presented in this case, are not conflicting and do not invalidate a general verdict denying the validity of a will. In Board of Regents of the University of Texas v. Yarbrough, 470 S. W. 2d 86 (Tex. Civ. App., 1971), the court held that "there is no conflict between a finding of undue influence and a finding of mental incapacity." The same result was reached in In re Estate of Brannan, 213 So. 2d 725 (Fla. App., 1968); In re Anderson's Estate, 29 Cal. App. 2d 637, 85 P. 2d 212 (1938); and In re Murphy's Estate, 43 Mont. 353, 116 P. 1004 (1911).

We find, therefore, that the contentions of the defendant are without merit. Although the issue of undue influence is superfluous and need not arise when there has been a determination that the testatrix was incompetent to make a will, findings of both incompetency and undue influence are not inconsistent in the sense that each requires the rendition of a different judgment and therefore contradicts the other. If either finding is supported by the evidence, the general verdict denying the validity of the will should be sus-

tained. In this case the defendant does not contest the sufficiency of the evidence on either issue presented to the jury, and therefore the judgment below must be affirmed.

AFFIRMED.